This application is DENIED WITHOUT PREJUDICE TO RENEWAL after Defendants file their motion for summary judgment. Put differently, Plaintiff may move the Court again for appointment of counsel after Plaintiff receives Defendants' motion for summary judgment. The Court expresses no view as to how it will rule on any application it receives at that time. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

8/6/2020

LEWIS J. LIMAN
United States District Judge

RECEIVED
SDNY PRO SE OFFICE
2020 JUL 23 PM 2:29

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

JONATHAN BANYAN,

               Plaintiff;

                                  APPLICATION FOR APPOINTMENT
                                  OF COUNSEL

    -against-

                                  17-CV-4942 (LJL)(DF).

P.O. SIKORSKI, et al.,

               Defendants.
-------------------------------------X

TO: HON. LEWIS J. LIMAN, U.S. DISTRICT JUDGE:

      Jonathan Banyan, certify and declare under the penalty of perjury, pursuant to 28 U.S.C.A. § 1746, Duncan v. Foti, 828 F. 2d 297, that the below stated application for the appointment of counsel, is true to the best of my knowledge, as exercuted on the date signed.

      1. Plaintiff: Jonathan Banyan, herein, resides at: <u>Attica Correctional Facility, 639 ExChange Street, Attica, New York 14011 -0149.</u>

      2. The plaintiff herein, seeking the appointment of counsel, do to his disability - mental competency, which the plaintiff's ability to understand the factors of the laws, statutes and rules, is at lost.

      3. At this time, the plaintiff is a 'LEVEL THREE (3)' diagnosis of mental health and hygiene, and is prescribed the following mental health medication(s):
(1): PROZOSIN 3mg;
(2): ZOLOFT 100mg; and
(3) BUSPAR 15mg.

      4. The plaintiff's ability to investigate the facts of his complaint and action requires extensive documents of discovery,

-1-

depositions from Police Officers and access to witnesses that he is unable to obtain. see: e.g., Tabron v. Grace, 6 F. 3d at 156 (holding that the need for discovery supports appointment of counsel); Abdullah v. Gunter, 949 F. 2d at 1036; Tucker v. Randall, 948 F. 2d 388, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F. Supp 270, 273 (W.D.N.Y. 1988) (noting that prisoner could not effectively investigate case arising at a jail from which he had been transferred).

    Herein, Plaintiff cannot effectively investigate his case as it arose while he was a civilian and once incarcerated, matters are difficult in obtaining information or discovery in supporting the facts and cause of actions.

    The plaintiff's mental ability has become diverge in common day to day basic needs, normally done by a competent individual.

    5. Plaintiff's indigent status to present the case brings difficulty, as he now lacks the education to cross-examine important evidence, issues and facts. see: Rayes v. Johnson, 969 F. 2d 700, 704 (8th Cir); Whisenant v. Yuam, 739 F. 2d 160, 163 (4th Cir. 1984); Gatson v. Coughlin, 679 F. Supp at 273 (credibility issues supported appointment of counsel).

    6. The Court(s) in: [Tabron v. Grace, 6 F. 3d at 156; Rayes v. Johnson, 969 F. 2d at 703-04; McCarthy v. Weinberg, 753 F. 2d 836, 839-40 (10th Cir 1985)], have held: a plaintiff' education, literacy, prior work and litigation experience, and ability to understand English should be considered, as counsel should have been appointed for an inmate who lacks the readiness to a law library, showed that he did not understand discovery procedures and could not articulate his claims, or appointment of counsel needed for inmate with little general education and no legal education.

    Plaintiff is "[n]o form, a jailhouse lawyer", and understanding the procedures of any court or its laws and status, will somewhat, make his mental state even more difficult, in

dealing not only with others around him, however, with his personal needs as a person, on an individual level.

7. Plaintiff has written to several different lawyers and attorneys, who have denied any form of counsel and as always stated to seek Prisoners' Legal Services (PLS), whom has told the plaintiff that they do not have funding for such actions and referres him to others who in turn sends him back to PLS.

8. Therein, the case presented to this Court, is for the 'GUARANTEED and PROTECTED' equal and civil rights of the United States Constitutions enacted by 'CONGRESS', and those rights must be protected, as stated by Congress and others within a United States Court.

WHEREFORE, plaintiff respectfully prays for the granting of counsel in this matter, and for any further relief this Court may deem just and proper.

I declare under the penalties of perjury that my answers to the foregoing are true to the best of my knowledge.

I understand that if I am assigned a lawyer and my lawyer learns, either from myself or elsewhere, that I can afford a lawyer, the lawyer may give this information to the court.

I understand that if my answers on my application are false, my case may be dismissed.

EXERCUTED: Attica, New York
July 15th, 2020

Plaintiff:
Jonathan Banyan DIN: # 17A2281
Attica Correctional Facility
639 ExChange Street
Attica, New York 14011-0149

(Legal Mail)

Clerk - c/o Honorable Lewis J Liman
United States District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, NY 10007

ATTICA CORRECTIONAL FACILITY
BOX 149
ATTICA, NEW YORK 14011-0149
NAME: Jonathan Donjuan  DIN: 17A2281

RECEIVED
SDNY PRO SE OFFICE
2020 JUL 23 PM 2:29