

**THE CITY OF NEW YORK**

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

12/2/2020

December 2, 2020

*The request for reconsideration is DENIED.  "[A] court should grant a motion for reconsideration 'only if the moving party can point to controlling decisions or data that the court overlooked' and 'might reasonably be expected to alter the conclusion reached by the court.'"  United States v. Fnu Lnu, 2015 WL 13307424, at \*1 (S.D.N.Y. Nov. 13, 2015) (quoting United States v. Smith, 2012 WL 1700465, at \*3 (S.D.N.Y. May 15, 2012)).  Defendants have not stated facts or law that the Court did not consider initially when it denied the motion for a stay*

VIA E.C.F.
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     Jonathan Banyan v. P.O. Sikorski, et al.,
          17 Civ. 4942 (LJL) (DCF)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing Police Officer Craig Sikorski, Police Officer Joseph Tennariello, former Lieutenant Ian Rule, Sergeant John Becerra, Detective Paul Brauer, and the City of New York ("Defendants") in the above-referenced matter. Defendants write to respectfully request that the Court reconsider its December 1, 2020 Order denying the Defendants' motion to stay the instant matter pending the resolution of Plaintiff's underlying criminal case.

        By way of relevant background, on November 16, 2020, the Defendants respectfully sought a stay of the instant matter in its entirety pending the resolution of Plaintiff's related criminal matter (hereinafter, "Defendants' Application"). (See Dkt. No. 162.) On November 30, 2020, the Plaintiff opposed the Defendants' Application by mainly attempting to distinguish case law cited by the Defendants in their November 16, 2020 Application. (See Dkt. No. 163.) In addition, Plaintiff argued that: (a) "[o]nly one of Defendants' four arguments on summary judgment relies on the Plaintiff's now-overturned convictions" and "[t]he rest of the motion is entirely viable without input from Plaintiff's criminal trial," which Plaintiff intends to oppose by February 20, 2021; (b) "there is no prejudice to Defendants in denying a stay until at least after resolution of the pending summary judgment motion"; and (c) "there is no possible outcome of Plaintiff's criminal case that will be dispositive of this entire action." (See Dkt. No. 163.)

On December 1, 2020, the Court denied the Defendants' Application without prejudice, noting that Defendants may renew the motion after a decision on the pending motion for summary judgment. (See Dkt. No. 165.) Nevertheless, for the reasons detailed below, Defendants respectfully contend that a stay of this matter pending the resolution of Plaintiff's underlying criminal matter is necessary *before* the parties continue with summary judgment motion practice.

The Defendants moved for summary judgment on all of the Plaintiff's claims. (See Dkt. No. 156.) As detailed in their motion papers, for many[1] of Plaintiff's claims, the grounds of the Defendants' motion are heavily premised on the Plaintiff's underlying convictions. For example, the Defendants asserted that Plaintiff's false arrest and malicious prosecution claims fail because they are barred by (a) Heck v. Humphrey[2] and (b) Plaintiff's underlying convictions because the convictions conclusively prove that there was probable cause to arrest and prosecute Plaintiff. (See id. at pp. 19-22.) Importantly, Plaintiff agreed that the Plaintiff's underlying convictions directly affect his civil malicious prosecution and false arrest claims. (See Dkt. No. 163.) Specifically, if Plaintiff is once again convicted of Resisting Arrest and/or Assault in the Second Degree for causing Lt. Rule's injury, Plaintiff's false arrest and malicious claims would fail.

In addition, the Defendants also relied on the Plaintiff's underlying convictions when arguing that summary judgment should be granted in favor of the Defendants on the Plaintiff's excessive force claims because it is well settled that to determine whether uses of force were objectively reasonable, courts should pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Landy v. Irizarry, 884 F. Supp. 788, 797 (S.D.N.Y. 1994) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). As detailed in the Defendants' pending summary judgment motion, Plaintiff's underlying criminal convictions of Resisting Arrest and Assault in the Second Degree for causing Lt. Rule's injury are important factors for the Court to consider in determining whether the Defendants' use of force was reasonable. See also McMillan v. City of New York, 2011 U.S. Dist. LEXIS 141880, at *32 (S.D.N.Y. Dec. 9, 2011) (noting that the plaintiff's conviction of resisting arrest also "justifies the Officer Defendants using some degree of force to subdue" the plaintiff) (citing Graham, 490 U.S. at 396-97). In addition, not only are Plaintiff's convictions of Resisting Arrest and Assault in the Second Degree for causing Lt. Rule's injury directly related to the reasonableness of the alleged force used, but, as noted in the Defendants' Motion, Plaintiff's conviction of resisting arrest also judicially estopped Plaintiff from arguing that he did not resist arrest.

Thus, it would be a waste of the parties' and the Court's time and resources for motion practice to continue and for the Court to render a decision while Plaintiff's underlying

---

[1] The Defendants note that the status of the Plaintiff's underlying convictions should not affect the Defendants' arguments that (a) Plaintiff's deliberate indifference to medical needs claim fails and the officers are entitled to qualified immunity and (b) Plaintiff's state law claims are procedurally barred. (See Dkt. No. 156.)

[2] Heck v. Humphrey, 512 U.S. 477 (1994).

criminal convictions are pending in state court. The Court's findings and the parties' arguments may be rendered inapposite depending on the outcome of the Plaintiff's underlying criminal proceeding. Instead, the Defendants respectfully contend that the Court should stay the case *now*, pending the resolution of Plaintiff's criminal matter that directly relates to the underlying incident in this civil action, and then commence motion practice once the Plaintiff's underlying criminal convictions are absolute.

If the Court does not stay the case now, not only will the parties and the Court waste time and resources participating in motion practice and rendering a decision for claims that are reliant on a pending state court matter, but if Plaintiff is again convicted of Resisting Arrest and Assault in the Second Degree for causing Lt. Rule's injuries, the Defendants would need to file another summary judgment motion, resulting in the parties having to again engage in motion practice and the Court again needing to decide a summary judgment motion.[3] Thus, as a practical matter and in the interest of judicial economy, the Defendants respectfully contend that a stay of this matter, including a stay of motion practice, is necessary pending the resolution of the Plaintiff's underlying criminal convictions.

In addition, the Defendants would be severely prejudiced in defending this matter if the case is not stayed pending the resolution of Plaintiff's criminal matter, which directly relates to the underlying incident in this civil action, because, as detailed above, the Plaintiff's criminal convictions affect the viability of the Plaintiff's malicious prosecution, false arrest, and excessive force claims.

Accordingly, Defendants respectfully request that the Court reconsider the Defendants' Application and grant a stay of the instant matter in its entirety pending the resolution of Plaintiff's criminal case. Should the Court still direct the parties to engage in motion practice while Plaintiff's underlying convictions are pending in state court, the Defendants respectfully reserve the right to make another summary judgment motion, pending the outcome of the Plaintiff's underlying criminal convictions.

The Defendants thank the Court for its consideration.

Respectfully submitted,

/s/  *Nicolette Pellegrino*

Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    <u>VIA E.C.F.</u>
       Mr. Joshua Luke Rushing, Esq.
       *Pro Bono Counsel for Plaintiff*

---

[3] In addition, engaging in motion practice twice will unnecessarily increase fees and costs.