USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JONATHAN C. BANYAN, :
:
                      Plaintiff, :
: 17-cv-4942 (LJL)
    -v- :
: OPINION & ORDER
POLICE OFFICER CRAIG SIKORSKI, POLICE :
OFFICER JOSEPH TENNARIELLO, LIEUTENANT :
IAN RULE, SERGEANT JOHN BECERRA, THE CITY :
OF NEW YORK, :
:
                      Defendants. :
:
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Jonathan C. Banyan moves the Court for reconsideration of its Order and Opinion dated March 26, 2021 to the extent that the Opinion held that Plaintiff had abandoned his claims against Lieutenant Ian Rule ("Rule") and Sergeant John Becerra ("Becerra"). For the following reasons, the motion is denied.

## BACKGROUND

    Plaintiff filed the complaint in this case on June 29, 2017, alleging, inter alia, that Defendants Officer Craig Sikorski ("Sikorski"), Officer Joseph Tennariello ("Tennariello"), Lieutenant Rule and Sergeant Becerra used excessive force in arresting him on March 20, 2016. Dkt. No. 2. Defendants moved for summary judgment on all of Plaintiff's claims. Dkt. No. 153. On November 10, 2020, the Court appointed pro bono counsel to represent Plaintiff, who had previously been proceeding pro se, and, on February 22, 2021, counsel filed its opposition to Defendants' motion for summary judgment. Dkt. No. 170.

    By Opinion and Order dated March 26, 2021, the Court denied summary judgment with

respect to Plaintiff's excessive force claims against Officers Tennariello and Sikorski. Dkt. No. 181. However, the Court granted summary judgment to Defendants on Plaintiff's excessive force claims against Rule and Becerra, concluding that, because Plaintiff had not addressed any of the arguments raised in Defendants' motion for summary judgment regarding Rule and Becerra, Plaintiff had abandoned those claims. Plaintiff moves for reconsideration. Dkt. No. 182.

## DISCUSSION

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matter, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL

5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

The Court concluded in its Order and Opinion on Defendants' summary judgment motion that Plaintiff had abandoned his claims against Rule and Becerra. "A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Walker v. City of New York*, 2015 WL 4254026, at *3 (quoting *Lipton v. Cnty. Of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)). Defendants had set forth, under separate headings in their memorandum of law in support of their motion for summary judgment, arguments in support of granting summary judgment in favor of Rule and Becerra on Plaintiff's claims against them for the use of excessive force. Plaintiff provided no argumentation in his brief in opposition explaining why the claims against Rule and Becerra should not be dismissed. Such a failure to respond to arguments set forth in a moving party's brief is an adequate ground for a Court to deem the claim abandoned. *See, e.g.*, *Gun Hill Road Serv. Station, Inc. v. ExxonMobil Oil Corp.*, 2013 WL 1804493, at *11 n.5 (S.D.N.Y. Apr. 18, 2013) (holding that a party waived argument in failing to advance it in opposing summary judgment); *cf. Taylor v. Rodriguez*, 238 F.3d 188, 196-97 (2d Cir. 2001) ("[Plaintiff] includes in his appellate brief no argument regarding [certain claims]. Consequently we deem these claims abandoned.").

Plaintiff has not provided any adequate reason for the Court to reconsider its earlier determination. Plaintiff points to record evidence that he claims showed that there were material issues of disputed fact with respect to Rule and Becerra's liability. Regarding Rule—the officer who used his baton on Plaintiff's Achilles tendon—Plaintiff claims that there was evidence on the record contradicting Defendants' argument that Rule's use of his baton on his Achilles

tendon was objectively reasonable in light of the evidence that Rule saw him resisting the other officers and that Plaintiff injured Rule in the struggle. Plaintiff points to:

- His averment that: "No officer attempted to handcuff me until the encounter was over." Dkt. No. 172 ¶ 11.

- The statement in his response to Defendants' Rule 56.1 Statement that: "No officer attempted to handcuff Plaintiff until after he was on the ground and had already been repeatedly beaten and abused." Dkt. No. 173 ¶ 15.

- The deposition testimony that Plaintiff was not placed in handcuffs until "[a]fter the abuse." Dkt. No. 171, Ex. C at 63:3-6.

- His averment that: "The officers assaulted me physically, causing me to attempt to squirm away from their abuse . . . they were joined by several other officers who all assaulted me variously." Dkt. No. 172 ¶¶ 10, 13.

According to Plaintiff, these statements contradict the officers' account that they witnessed a struggle to apprehend him. If he was not resisting arrest, Plaintiff reasons, then it was not reasonable for Rule to use his baton on his Achilles tendon.

With respect to Becerra—the officer who used his taser on Plaintiff three times—Plaintiff makes the claim that the record supported a finding that there were material facts in dispute regarding the question of whether he had used excessive force. He points to three statements in his summary judgment brief in opposition, which he claims supported his argument that material facts remained in dispute about Becerra's liability:

- "Nor can Defendants establish the reasonableness of their brutal actions by asking this Court to rely upon inferences which Defendants fabricate from limited medical records, with no cross-examination or input from an expert." Dkt. No. 170 at 2.

- "The Defendants cannot rely on defense counsel's interpretation of Banyan's medical record on summary judgment to resolve these critical factual disputes and inquiries." *Id*. at 11-12.

- "Indeed, Defendants' reliance on their own counsel's interpretation of Banyan's medical record to argue that the officers' attack was purportedly insignificant is insufficient as a matter of law to resolve on summary judgment the viciousness of the attack sworn to by Banyan." *Id*. at 12.

4

As the Court noted in its Order and Opinion, nothing in Plaintiff's brief in opposition, outside the caption, mentioned Becerra by name.

Plaintiff's arguments fail to undermine the basis for the Court's decision on summary judgment. Plaintiff points to a few facts in the record that, he claims, demonstrate that genuine issues of material fact remain with respect to Rule and Becerra. But it is not the Court's role, on a motion for summary judgment, independently to scour the record to locate factual material that could support a finding that genuine issues of material fact remain. After the moving party argues that no genuine issue of material facts exists, it is the obligation of the party opposing summary judgment to show, based upon the record, the existence of genuine issues of fact and to identify why they are material with respect to the claims on which the moving party seeks summary judgment. Plaintiff did not address Defendants' arguments in his opposition brief. He did not respond to the argument that Rule's use of his baton on his Achilles tendon was objectively reasonable in light of the evidence that Plaintiff was resisting the other officers and that he injured Rule's meniscus in the struggle. Nor did Plaintiff address the argument that Becerra's use of his taser was lawful, given that he was resisting the officers and that he continued to resist after Becerra used his taser the first time. The Court deemed the claims against Rule and Becerra abandoned, because Plaintiff failed to address Defendants' arguments in his brief in opposition. On this motion for reconsideration, Plaintiff has presented nothing that would lead the Court to reevaluate that conclusion.

Plaintiff further argues that, because he explicitly abandoned other claims, but not the claims against Rule and Becerra, the Court should have inferred that he did not intend to abandon the claims against Rule and Becerra. The argument is a non-sequitur. A court may find that a party has abandoned its claim, whether or not it explicitly states an intention to abandon

5

such claim. The test of abandonment is whether the party "respond[ed] to a defendant's arguments that the claim should be dismissed." *Walker*, 2015 WL 4254026, at *3 (quoting *Lipton*, 315 F. Supp. 2d at 446). Plaintiff did not do so here.

Plaintiff finally makes the argument that he has shown by filing this motion for reconsideration that he does not wish to abandon his claims against Rule and Becerra, and that the Court should accordingly revive the claims. This proposition is not supported by law. In support of his argument, Plaintiff relies upon *Currin v. Williams*, 2009 WL 10676979 (D. Conn. Jan. 30, 2009). In *Currin*, the court had dismissed plaintiffs' claims for failure to prosecute and to comply with court orders. *Id*. at *1. Plaintiff, who was proceeding pro se, filed a motion for reconsideration, claiming that, because of problems with mail delivery, he had not received the court's warnings that his case would be dismissed. *Id*. He filed his motion for reconsideration once he learned of the court's ruling. *Id*. The court held that, because of plaintiff's pro se status, he was entitled to the benefit of the doubt that he did not know his case was at risk of being dismissed and that by filing, plaintiff had demonstrated his intent to prosecute. *Id*.

This motion for reconsideration bears no resemblance to the motion in *Currin*. In *Currin*, the plaintiff was proceeding pro se and his case had been dismissed for failure to prosecute. Here, Plaintiff is counseled and is asking for certain claims, which he already had the opportunity to pursue and chose not to so pursue, to be revived. Under these circumstances, a Plaintiff's motion for reconsideration standing alone cannot restore claims that the Plaintiff through its opposition to summary judgment previously abandoned.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 182.

SO ORDERED.

Dated: May 27, 2021
       New York, New York
                                        _____
                                            LEWIS J. LIMAN
                                         United States District Judge