UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN C. BANYAN,<br><br>       Plaintiff,<br><br> -against-<br><br>POLICE OFFICER CRAIG SIKORSKI,<br>POLICE OFFICER JOSEPH TENNARIELLO,<br>LIEUTENANT IAN RULE, SERGEANT<br>JOHN BECERRA, ESU OFFICER PAUL<br>BRAUER, and THE CITY OF NEW YORK,<br><br>       Defendants. | Case No. 1:17-cv-04942 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On June 29, 2017, Plaintiff, then proceeding *pro se*, filed the original complaint in this action. ECF No. 1. The Court assumes the parties' familiarity with the facts underlying that complaint, the lengthy procedural history and stay in this action, and Judge Liman's March 26, 2021 Opinion and Order regarding summary judgment. ECF No. 181; *see also Banyan v. Sikorski*, No. 17-cv-4942 (LJL), 2021 WL 1163653 (S.D.N.Y. Mar. 26, 2021). Now before the Court is Plaintiff's motion for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), filed on December 16, 2022 by his appointed counsel (ECF No. 232; ECF No. 233 ("Br.")), Defendants' opposition to that motion (ECF No. 236 ("Opp.")), and Plaintiff's reply (ECF No. 237 ("Reply")).

## LEGAL STANDARD

  Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has explained that this is a "liberal" or "permissive standard . . . [that] is consistent with our strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Still, it is "within the sound discretion of the district court to grant or deny

leave to amend." *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 349 (S.D.N.Y. 2020). A "court may properly deny leave to amend . . . in cases of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . . ." *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, 314 F. Supp. 3d 497, 510 (S.D.N.Y. 2018) (citations omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

## DISCUSSION

Plaintiff's original complaint pleaded a claim for malicious prosecution arising out of a criminal proceeding that was brought for assault and resisting arrest. *See* ECF No. 1 at 2. At the summary judgment stage, Judge Liman determined that "[b]ecause Plaintiff's criminal trial is still ongoing, Plaintiff's claim of malicious prosecution has not yet accrued." *Banyan*, 2021 WL 1163653, at *5. Judge Liman went on to specifically hold that "Plaintiff may replead his malicious prosecution claim when and if the criminal case is resolved in his favor." *Id.*

The parties do not dispute that Plaintiff's criminal case has since resolved in his favor. *See* Br. at 1 (noting that Plaintiff's conviction was reversed and remanded, and later dismissed); Opp. at 2. Nevertheless, Defendants argue that Plaintiff should not be permitted to amend his complaint to include a malicious prosecution claim against Officer Defendants Becerra, Rule, or Tennariello because Plaintiff cannot state a claim against them. Opp. at 5. Defendants also argue that Plaintiff cannot plead claims against Officer Becerra, because he failed to adhere to New York's notice-of-

claim statute.[1]  Opp. at 6.  Finally, Defendants argue that Plaintiff must redact portions of his amended complaint that contain summaries of confidential grand jury testimony.  Opp. at 8.

      First, to prevail on a claim for malicious prosecution under New York law, a plaintiff must establish that "(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice."  *Banyan*, 2021 WL 1163653, at *4 (quoting *Conway v. Village of Mount Kisco*, 750 F.2d 205, 214 (2d Cir. 1984)).  Defendants argue that Plaintiff cannot state a claim for malicious prosecution against Officers Becerra, Rule, or Tennariello because none of these officers "initiated" the criminal proceeding against Plaintiff.  *See* Opp. at 5.  Defendants argue that "initiation is established by the signing of a criminal court complaint," and because Plaintiff only alleges that these officers testified against him or otherwise contributed to his prosecution, he fails to state a claim.  *Id.*

      "To initiate a prosecution, a defendant must play an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  *Rodriguez v. City of New York*, 590 F. Supp. 3d 518, 534 (E.D.N.Y. 2022).  Under New York law, courts have concluded that officers "initiate" a criminal proceeding when a plaintiff can "show[] that officers brought formal charges and had the person arraigned, . . . or filled out complaining and corroborating affidavits, . . .

---

[1] Plaintiff concedes that Officer Becerra was not provided a notice of claim.  Reply at 3 n.1.  "The notice-of-claim requirement applies to claims against City employees for conduct within the scope of their employment, . . . but 'only if the [City] has a statutory obligation to indemnify such person.'"  *Palmer v. City of New York*, 564 F. Supp. 3d 221, 242 (E.D.N.Y. 2021) (quoting N.Y. Gen. Mun. L. § 50-e(1)(b)).  "In light of that limitation, courts disagree on whether a plaintiff must comply with the notice-of-claim requirement when bringing claims against a municipal employee for intentional torts, including possibly false arrest, IIED, conversion, and assault and battery."  *Id.* (collecting cases).  The parties have provided very limited briefing on this issue.  Therefore, the Court declines to rule on this issue at this time, without prejudice to Defendants raising it in subsequent motions if Officer Becerra is included as a Defendant.

or swore to and signed a felony complaint." *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 382-83 (S.D.N.Y. 2005) (citations omitted). While laypersons cannot be said to have initiated an action by reporting a crime, this standard does not apply to law enforcements officers because otherwise they "would never be liable for malicious prosecution." *Id.* at 383. In addition, an officer may be held liable for malicious prosecution when he "creates false information likely to influence a jury's decision and forwards that information to prosecutors . . . [or] causes the prosecution to initiate or continue criminal charges without disclosing evidence that would negate probable cause[.]" *Rodriguez*, 590 F. Supp. 3d at 534 (citations omitted).

Plaintiff's proposed amended complaint states a claim for malicious prosecution against Officers Becerra, Rule, and Tennariello because Plaintiff's interactions with them, and therefore the testimony of these Defendants and their fellow officers, form the entire basis for the underlying criminal proceeding. *See* ECF No. 233-2 ("Am. Compl.") ¶¶ 4-12. Plaintiff generally alleges that the criminal proceedings for assault – which were reversed and later dismissed – were brought against him even though those "assaults" occurred in response to excessive force from the officers. *Id.* ¶¶ 11-12. Plaintiff alleges the following specific acts on the part of these officers: Officer Tennariello told Plaintiff he was under arrest and "punched him in the head," making Plaintiff fear for his life (Am. Compl. ¶¶ 34-35); Officer Rule "performed a pain-inducing compliance technique by rolling his baton up and down" Plaintiff's Achilles tendon (*id.* ¶ 40); Officer Rule falsely testified at the grand jury proceeding (*id.* ¶¶ 48-51, 53); all officers falsely testified against Plaintiff at his criminal trial, including by mischaracterizing the nature of their interactions and stating Plaintiff was resisting arrest (*id.* ¶¶ 55-61). These allegations are sufficient at the pleading stage to state a claim for malicious prosecution because the amended complaint alleges that these officers "initiated" the criminal proceeding by "creat[ing] false information likely to influence a jury's decision and forwards that information to prosecutors . . . [and] caus[ing] the prosecution to initiate

or continue criminal charges without disclosing evidence that would negate probable cause[.]" *Rodriguez*, 590 F. Supp. 3d at 534 (citations omitted). The officers' statements were integral to the criminal prosecution of the case, and their testimony formed the basis for the assault claims both before the grand jury and at trial. This is sufficient to state a claim for malicious prosecution. *See Marshall v. Port Auth. of N.Y. & N.J.*, No. 19-cv-2168, 2020 WL 5633155, at *6 (S.D.N.Y. Sept. 21, 2020) (concluding that reasonable jury could find officers initiated proceedings where one officer signed the complaint and both officers testified that they spoke with prosecutors about the arrest). Therefore, Plaintiff's amended complaint would not be futile as to these Defendants.

Finally, Defendants request that certain information in the proposed amended complaint be redacted because they contain sealed grand jury testimony. Opp. at 8. Plaintiff states that he will "accede to the Court's wishes regarding any redactions" of the grand jury testimony. Reply at 3 n.1. Given this and in light of the fact that grand jury proceedings are secret under N.Y. C.P.L. § 190.25(4), Plaintiff shall submit all further filings with redactions to information from the grand jury proceeding. To the extent there are any disputes about the scope of the redactions, the parties shall meet and confer before raising them with the Court.

## CONCLUSION

Accordingly, the motion to amend is GRANTED. Plaintiff shall file his amended complaint within fourteen (14) days of this Order.

Dated: February 3, 2023  
      New York, New York

SO ORDERED.

*Jennifer Rochon*  
JENNIFER L. ROCHON  
United States District Judge