UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN BANYAN,<br><br>                    *Plaintiff*,<br><br>-against-<br><br>POLICE OFFICER CRAIG SIKORSKI, POLICE OFFICER JOSEPH TENNARIELLO, LIEUTENANT IAN RULE, SERGEANT JOHN BECERRA, THE CITY OF NEW YORK,<br><br>                    *Defendants*. | **AMENDED COMPLAINT**<br><br>17-CV-4942 (JLR) |

Plaintiff Jonathan Banyan, by his *pro bono* attorneys, Huth Reynolds LLP, for his First Amended Complaint against Defendants Craig Sikorski, Joseph Tennariello, Ian Rule (collectively, the "Initial Officers"), John Becerra (together with the Initial Officers, the "Officer Defendants") and the City of New York (together with the Officer Defendants, the "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is a civil rights action in which Jonathan Banyan seeks damages for numerous violations of his rights under the laws and constitutions of both New York and the United States.

2.  Mr. Banyan was attacked by the Initial Officers on the corner of Eighth Avenue and Greenwich Avenue.

3.  The Initial Officers later claimed that an unknown complainant, from 40-60 feet away, at night identified Mr. Banyan as possessing his friend's stolen jacket.

1

4. Incontrovertible video evidence shows that the Initial Officers chose to approach Mr. Banyan by attacking him on the sidewalk, immediately escalating the interaction into a violent encounter against Mr. Banyan.

5. When the Initial Officers approached Mr. Banyan, they were in an unmarked car, with no emergency lights on, and wearing plainclothes.

6. The video evidence shows that Mr. Banyan had his feet planted and his hands raised while Defendant Tennariello sprinted towards Mr. Banyan and tackled him into a wall.

7. Further video evidence shows that the Initial Officers called for backup, including Defendant Becerra, and continued to escalate the confrontation until Mr. Banyan was facedown on the sidewalk with approximately 6-10 officers assaulting him. This includes multiple uses of a taser by Defendant Becerra and the use of a 'pain-inducing compliance' technique against Mr. Banyan's Achilles tendon by Defendant Rule.

8. After the Officer Defendants beat Mr. Banyan on the street, they realized that they had been so busy attacking him that they failed to preserve any evidence of the alleged crime that they claim justified the attack: both the unknown complainant and the jacket had disappeared.

9. Nonetheless, Officer Sikorski drafted two criminal complaints against Mr. Banyan, each of which contained numerous inaccuracies.

10. ████████████████████████████████████████████████████████████ all of the Officer Defendants testified at Mr. Banyan's criminal trial.

11. ████████████████████████████████████████████████████████████ ████████████████████, the Defendants maliciously prosecuted Mr. Banyan for alleged assault that occurred against the officers themselves as a result of their immediate use of violence against Mr. Banyan.

12. The assaults alleged by Defendants as part of their malicious prosecution both occurred when Mr. Banyan was already being held facedown on the sidewalk by multiple officers.

13. At trial, Mr. Banyan was convicted of one count of resisting arrest and one count of assaulting an officer.

14. He was sentenced to five years in prison.

15. After serving approximately three and a half years, Mr. Banyan's conviction was reversed and remanded by the First Department.

16. The District Attorney's office initially stated its intent to retry Mr. Banyan on the same charges. But, after numerous delays and extension requests from the prosecutors, the District Attorney's Office agreed to dismiss the charges on speedy trial grounds.

17. Mr. Banyan thus spent three and a half years in prison as a result of a violent attack against him by the Officer Defendants, and a malicious prosecution by Defendants, which resulted in no lawful convictions.

## THE PARTIES

18. Plaintiff Jonathan Banyan is a citizen of the United States and at all relevant times to this complaint, Plaintiff was either a resident of New York City or incarcerated.

19. Defendant City Of New York ("City") is a municipal corporation within the State of New York. At all relevant times, the City employed the police personnel involved in the acts underlying this lawsuit.

20. Officer Defendants Joseph Tennariello, Craig Sikorsi, Ian Rule[1], and John Becerra were at all times relevant to this complaint, duly appointed and acting police officers employed by the New York City Police Department.

21. At all times relevant to this complaint, Defendants acted under the color of state law.

---

[1] Defendant Rule is now a former officer but the terms "Initial Officers" and "Officer Defendants" are used for conciseness and because Defendant Rule was a police officer at all times relevant to this action.

3

22. A Notice of Claim was filed on November 2, 2022, fewer than 90 days after the dismissal of Plaintiff's underlying criminal charges on September 9, 2022 and over 30 days before the filing of this Amended Complaint.[2]

23. On February 1, 2023, Mr. Banyan sat for a deposition pursuant to Section 50-H of the New York state General Municipal law.

## JURISDICTION AND VENUE

24. Jurisdiction is conferred by 28 U.S.C. § 1343, which provides for original jurisdiction of this Court in suits authorized under 42 U.S.C. § 1983, to redress the deprivation (under color of state law, statute, ordinance, regulation, custom or usage) of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

25. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

26. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3).

## FACTS

27. On March 20th, 2016 at approximately 3:50 AM, Jonathan Banyan, who is Black, was walking to the subway with his brother and a friend to go home.

28. Unexpectedly, an unmarked black vehicle approached him and his friends from behind.

29. Three white individuals who were unknown to Mr. Banyan leapt from the vehicle without identifying themselves, with guns drawn, and with no badges visible.

30. One officer, defendant Ian Rule, yelled at Mr. Banyan to raise his hands and Mr. Banyan complied.

---

[2] Exhibit A.

31. At the same time, a second officer, defendant Joseph Tennariello, emerged from the driver's seat of the vehicle.

32. Rather than pausing to communicate with Mr. Banyan or explain why the officers had stopped, Defendant Tennariello immediately sprinted toward Mr. Banyan and tackled him, pushing him into a wall.

33. Video evidence incontrovertibly shows that Mr. Banyan's hands were raised and his feet were planted from the moment the car approached until the moment that Defendant Tennariello tackled Mr. Banyan.

34. Defendant Tennariello told Mr. Banyan that he was under arrest, but when Mr. Banyan asked what he was under arrest for Defendant Tennariello told him to "shut the f*** up" and punched him in the head.

35. Because Mr. Banyan could not understand why he was being attacked, the attack put him in fear for his life and he began screaming for help in response to Defendant Tennariello's abuse.

36. At this point, Officer Sikorski joined Officer Tennariello in assaulting Mr. Banyan, punching him in his head, face, and torso.

37. The melee rounded the nearby corner. At this point, another officer came up behind Mr. Banyan and lifted his legs, slamming Mr. Banyan to the pavement face-first.

38. Once Mr. Banyan was down and backup had arrived, a free-for-all ensued. Officers began beating Mr. Banyan while he was held on the ground, stomping, kicking, and punching him.

39. While Mr. Banyan was being held down and beaten, Defendant Becerra tased him in the back repeatedly.

40. Defendant Rule also performed a pain-inducing compliance technique by rolling his baton up and down Mr. Banyan's Achilles Tendon.

41. Mr. Banyan's only movements were to attempt to squirm away from the pain and abuse being inflicted on him without warning or explanation from the Officer Defendants.

42. A second video shows that Mr. Banyan was held down on the ground and beaten for an extended period of time by numerous officers.[3]

43. The officers eventually ceased beating Mr. Banyan and took him away.

44. Mr. Banyan was detained at the precinct and at a hospital for many hours before being released.

45. Mr. Banyan's detention and confinement were without probable cause because the Officer Defendants knew that they did not have any evidence of a crime preceding the encounter, and the only crimes alleged to have occurred during the encounter were when Mr. Banyan was being held facedown and beaten by multiple officers.

46. On or about March 20, 2016, Defendant Sikorski drafted and signed a felony complaint against Mr. Banyan without probable cause and falsely stating that the unknown purported complainant was known to Defendant Sikorski.

47. On or about March 25, 2016, Defendant Sikorski drafted and signed a misdemeanor complaint with substantially the same allegations, which also contained falsehoods and was made without probable cause.

48. Both criminal complaints indicate that the unknown purported complainant was someone known to Defendant Sikorski and both indicate that Defendant Rule's injury was to his neck, and not his knee, as Defendant Rule alleged ███████████████ at trial.

49. ███████████████████████████████████████.

50. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

---

[3] The conduct on this video was later described by the Supreme Court, Appellate Division as showing that "approximately eight additional officers joined in a struggle, punching and tazing defendant…" *People v. Banyan*, 187 A.D.3d 643, 644, 131 N.Y.S.3d 150 (2020), leave to appeal denied, 36 N.Y.3d 1049, 164 N.E.3d 952 (2021).

51. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

52. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

53. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

54. The grand jury ████████████████████████████████████████ ████████████████████████████████████████████████ did indict Mr. Banyan for one count of assault in the second degree against each of Defendants Sikorski and Rule, as well as resisting arrest.

55. All of the Officer Defendants testified at Mr. Banyan's criminal trial.

56. The Initial Officers again falsely alleged that Mr. Banyan assaulted them despite knowing that they had initiated a violent confrontation with no warning and that Mr. Banyan had been facedown on the ground and being attacked by multiple assailants when the alleged assault against the officers occurred.

57. Again, the Initial Officers also falsely alleged that they had lawfully attempted to arrest Mr. Banyan, despite knowing that they had immediately deployed violence as soon as they encountered Mr. Banyan even though they lacked sufficient probable cause.

58. For instance, Officer Tennariello testified that he identified himself as a police officer as soon as he exited the car and "conduct[ed] a conversation with" Mr. Banyan, neither of which is possible according to the video of the encounter.

59. Officer Sikorski also testified that Officer Tennariello shouted 'police' before he engaged Mr. Banyan and that Mr. Banyan and Officer Tennariello had an exchange of words during which Mr. Banyan lowered his hands, all before Defendant Tennariello pushed Mr. Banyan.

60. Defendant Becerra testified against Mr. Banyan and contributed to his prosecution despite knowing that his use of the taser could have contributed to Mr. Banyan unintentionally squirming or lashing out.

61. Defendant Becerra testified that Mr. Banyan was resisting arrest against Defendants Sikorski and Rule despite knowing that Mr. Banyan was facedown on the ground, surrounded and being attacked by officers.

62. During Mr. Banyan's criminal trial, the jury sent multiple notes expressing extreme unease with the charges.

63. The first jury note asked what the outcome of the assault charge should be if the assaulted officer was injured by another officer. This note indicates that the jury were swayed by Plaintiff's theory that the Officer Defendants were the source of the violence during the encounter.

64. The final note before the jury announced a verdict specifically asked whether nullification was proper because "[p]eople are questioning the morality of the law."

65. After being instructed that they were not permitted to nullify,[4] the jury acquitted Mr. Banyan of assaulting Defendant Sikorski, but convicted him of resisting arrest and assaulting Defendant Rule.

66. Mr. Banyan was sentenced to five years of imprisonment, which he began serving in or about May 2017.

67. Mr. Banyan's time in prison was especially harsh for him because of preexisting medical issues.

---

[4] The jury's discomfort was fully vindicated when the Supreme Court, Appellate Division ruled that they should have been instructed that they were permitted to acquit if they found that Mr. Banyan's actions had been justified. *People v. Banyan*, 187 A.D.3d at 644 (2021).

68. Suffering the indignities of incarceration, including separation from his family, had a profound impact on Mr. Banyan.

69. Mr. Banyan's sentence included the lowest lows of the global pandemic, putting him in the epicenter of the disease under the worst conditions imaginable.

70. While Mr. Banyan was serving his sentence, the Supreme Court of the State of New York, Appellate Division, First Department reversed both of his convictions on the grounds that Mr. Banyan was entitled to charge the jury that any alleged assault against the officers could have been justified by the officers' use of force against him.

71. Mr. Banyan was subsequently released on December 16th, 2020, after approximately three and a half years of imprisonment.

72. After Mr. Banyan's convictions were remanded, the New York County District Attorney's Office stated that they intended to try Mr. Banyan again.

73. However, after repeated delays and several extension requests from the prosecutors, on September 9, 2022, the District Attorney's Office agreed to a dismissal of all charges against Mr. Banyan on speedy trial grounds.

## FIRST CAUSE OF ACTION
**(Excessive Force Under 42 U.S.C. § 1983 Against Defendants Sikorski and Tennariello)**

74. Mr. Banyan repeats and realleges each and every previous allegation contained in this Amended Complaint and incorporates them here.

75. Defendant Tennariello immediately engaged in the use of force upon encountering Banyan.

76. Defendant Tennariello did not identify himself as a police officer before tackling Mr. Banyan.

77. Defendants Sikorski and Tennariello together used far more force than necessary upon Mr. Banyan, who was standing still with his hands raised until he was knocked off of his feet.

9

78. Defendants Sikorski and Tennariello repeatedly kicked and punched Mr. Banyan despite the fact that Mr. Banyan was attempting to comply and was then knocked off of his feet.

79. The force deployed by both Defendants Sikorski and Tennariello far exceeded what is objectively reasonable and constituted a violation of Mr. Banyan's rights under the Fourth Amendment.

80. As a result of the excessive force deployed by Defendants Tennariello and Sikorski, Mr. Banyan suffered severe pain and physical and psychological injuries.

81. As a result of the foregoing, Mr. Banyan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against Defendants Sikorski and Tennariello in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SECOND CAUSE OF ACTION
### (False Arrest Under 42 U.S.C. § 1983 Against the Initial Officers)

82. Mr. Banyan repeats and realleges each and every previous allegation contained in this Amended Complaint and incorporates them here.

83. The Initial Officers failed to comply with accepted police procedures and attacked Mr. Banyan on the sidewalk with no evidence to support the use of violence.

84. Without probable cause, the Initial Officers intentionally caused Mr. Banyan to be detained and confined for hours while he was aware of his confinement and suffering the injuries they inflicted upon him.

85. The confinement was without Mr. Banyan's consent and was not otherwise privileged.

86. Mr. Banyan was detained at the precinct and at a hospital for many hours before being released.

87. As a result of the foregoing, Mr. Banyan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the Initial Officers

in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## THIRD CAUSE OF ACTION
**(Malicious Prosecution Under State Law Against All Defendants)**

88. Mr. Banyan repeats and realleges each and every previous allegation contained in this Amended Complaint and incorporates them here.

89. In May 2016, Mr. Banyan was maliciously prosecuted in front of a grand jury pursuant to the false criminal complaints drafted by Defendant Sikorski with the assistance of the other Officer Defendants.

90. All of the Officer Defendants initiated and contributed to Mr. Banyan's prosecution with malice and so that the proceedings could succeed, knowing that there was no probable cause to prosecute Mr. Banyan.

91. ███████████████████████████████████████████████████████████.

92. ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████, the grand jury indicted Mr. Banyan for resisting arrest and two counts of assault.

93. After his criminal trial, Mr. Banyan was acquitted of assaulting Defendant Sikorski.

94. As a direct result of the Defendants' actions during the trial, including falsely stating that Mr. Banyan attacked the Officer Defendants when in fact they initiated the use of violence and his only actions were to squirm away from their abuse in addition to the numerous inaccuracies in the false criminal complaints, the jury convicted Mr. Banyan of resisting arrest and assaulting Defendant Rule.

95. Mr. Banyan's remaining convictions, for resisting arrest and assaulting Defendant Rule, were both reversed and remanded.

96. Both of those charges have now been dismissed.

97. All of the criminal actions against Mr. Banyan have thus terminated in his favor.

98. As a result of the malicious prosecution, Mr. Banyan was deprived of his liberty for approximately three and a half years, and was subjected to the indignities of incarceration which left him mentally anguished and psychologically injured.

99. As a result of the malicious prosecution, Mr. Banyan was separated from his family and also lost wages for the time he was incarcerated.

100. Defendant City of New York is liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. As a result of the foregoing, Mr. Banyan is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff Jonathan Banyan demands judgment and prays for the following relief, jointly and severally, against all Defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other relief as the Court finds is just and proper.

Dated: February 9, 2023

HUTH REYNOLDS LLP
By: /s/ Joshua Luke Rushing
Joshua Luke Rushing
Matthew J. Reynolds
Karl C. Huth
41 Cannon Ct.
Huntington, New York 11743

*Attorneys for Plaintiff Jonathan Banyan*

# EXHIBIT A

## eCLAIM Receipt

You have successfully filed your claim.

By successfully filing your claim, you have certified that all information provided is true and correct to the best of your knowledge and belief. You also understand that the willful making of any false statement of material fact herein may subject you to criminal penalties and civil liabilities.

Please allow up to 30 days to receive an email acknowledging your claim.

If you have any questions please contact 212-669-4729.

Your Receipt Number is the following:

**202200109337**

**You uploaded:**
Claim Form: 1
Supporting Documents:0

11/2/2022 3:13 PM
Claimant Last Name:BANYAN
Claimant First Name:JONATHAN