UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN C. BANYAN,<br><br>                                   Plaintiff,<br><br>-against-<br><br>POLICE OFFICER CRAIG SIKORSKI et al.,<br><br>                                   Defendants. | Case No. 1:17-cv-04942 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

      On May 6, 2024, the Court granted Defendants' partial motion for summary judgment. ECF No. 312 (the "Opinion"). Because the Opinion discussed issues implicating state grand-jury testimony (including materials filed by the parties under seal, *see* ECF No. 284), the Court filed the Opinion under seal in its entirety. In an order also issued on May 6, 2024, the Court directed the parties to "submit a joint letter advising the Court of their respective positions as to which portions, if any, of the [Opinion] should remain under seal." ECF No. 310. On May 10, 2024, Defendants submitted a letter and proposed redactions to which Plaintiff consented. ECF No. 313.

      "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (citation omitted). And it is "well settled" that "a federal court is not bound by state law protecting the secrecy of state grand jury proceedings." *Frederick v. New York City*, No. 11-cv-00469 (JPO), 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012) (quotation marks and citation omitted). Still, "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy." *Id.* (brackets and citation omitted). And "the interests in grand jury secrecy,

1

although reduced, are not eliminated merely because the grand jury has ended its activities." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

The Court presumes that the Opinion is subject to the (more rigorous) qualified First Amendment right of public access, as opposed to the (more lenient) common-law right of public access. *See Lugosch*, 435 F.3d at 119-20. Documents subject to the qualified First Amendment right of access "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 121 (citation omitted). The Court finds that the proposed redactions are narrowly tailored in scope and conceal no publicly available information, and that they are necessary to preserving the higher values of grand-jury secrecy and "comity between state and federal sovereignties." *Frederick*, 2012 WL 4947806, at *11 (citation omitted). Therefore, the Court approves the redactions as proposed at ECF No. 313-1. A redacted version of the Opinion shall publicly issue forthwith.

Dated: May 13, 2024
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge