Docket No. 17 Civ. 04942 (JLR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN BANYAN,

                                                               Plaintiff,

-against-

CRAIG SIKORSKI and JOSEPH TENNARIELLO,

                                                               Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, N.Y. 10007

Of Counsel: KellyAnne Holohan &
Jacquelyn Dainow
Tel: (212) 356-2486/0896

Dated: March 12, 2025

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES……………………………………………………………..ii

PRELIMINARY STATEMENT…………………………………………………………1

ARGUMENT……………………………………………………………………………..1

      POINT I……………………………………………………………………..1

            DEFENDANTS SHOULD BE PERMITTED TO OFFER EVIDENCE OF PLAINTIFF'S PRIOR FELONY CONVICTION ......................................................................... 1

      POINT II

            DEFENDANTS SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF PLAINTIFF'S STATEMENTS AND BEHAVIOR AFTER THE ARREST ................................................................................ 6

CONCLUSION……………………………………………………………………………8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brown v. Turriglio*,
  No. 17-cv-175(BKS)(DJS), 2018 WL 4565767 (N.D.N.Y. Sept. 24, 2018) ............................. 5

*Brundidge v. City of Buffalo*,
  79 F. Supp. 2d 219 (W.D.N.Y. Nov. 19, 1999) .................................................................... 6

*Crenshaw v. Herbert*,
  409 Fed. Appx. 428 (2d Cir. 2011) (upholding district court's decision to admit prior robbery conviction in a § 1983 case involving excessive force claim because "[e]vidence of [Plaintiff's] prior robbery was probative of veracity") ............................................................................................................................. 4

*Daniels v. Loizzo*,
  986 F. Supp. 245 (S.D.N.Y. 1997) .................................................................................. 2, 4

*Palin v. N.Y. Times Co.*,
  113 F. 4th 245 (2nd Cir. 2024) ........................................................................................... 7

*Thomas v. Leifeld*,
  No. 13-cv-321 (MAD)(TWD), 2018 U.S. Dist. LEXIS 116008 (N.D.N.Y. July 12, 2018) ........................................................................................................................ 2, 6

*U.S. v. Estrada*,
  430 F. 3d 606 (2d Cir. 2005) ........................................................................................... 2, 3

<u>United States v. De Angelis</u>,
  490 F.2d 1004 (2d Cir. 1974) .......................................................................................... 3, 4

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 1, 5

N.Y. Penal L. 265.03(2) ......................................................................................................... 1

**Other Authorities**

Fed. R. Evid. 401 .................................................................................................................... 7

Fed. R. Evid. 404(b) ............................................................................................................... 6

**Page**

Fed. R. Evid. 609(a)(1)(A) ...................................................................................................1

Federal Rules of Evidence Rule 609(a)(1) ................................................................1, 2, 3

Joint Pretrial Order as Defs. Ex. 2 .......................................................................................7

Rule 402 ...............................................................................................................................7

Rule 403 ..........................................................................................................................2, 3

Rule 609 ..........................................................................................................................2, 4

Rule 609(a)(2) .....................................................................................................................3

**PRELIMINARY STATEMENT**

Plaintiff Jonathan Banyan brought this action against Defendants Craig Sikorski, Joseph Tennariello, Ian Rule, John Becerra, Paul Brauer, and the City of New York, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 for false arrest, assault and battery, unlawful imprisonment, excessive force, and malicious prosecution. *See* Civil Docket Entry No. 2. Plaintiff's claims stem from an incident on March 20, 2016, in which Plaintiff was arrested for robbery and resisted arrest. On May 6, 2024, at summary judgment, the Court dismissed all remaining claims except Plaintiff's excessive force claims against Defendants Sikorski and Tennariello (hereinafter "Defendants"). *See* Civil Docket Entry No. 312.

On March 5, 2025, Plaintiff filed his motions *in limine* (hereinafter "Pl. MIL.") (ECF No. 340) seeking to (1) exclude evidence of Plaintiff's prior conviction and (2) limit evidence not obtained until after the encounter. For the reasons set forth herein and more fully in Defendants' motions *in limine* (hereinafter "Defs. MIL") (ECF No. 339), Plaintiff's requests should be denied in their entirety.

**ARGUMENT**

**POINT I**

**DEFENDANTS SHOULD BE PERMITTED TO OFFER EVIDENCE OF PLAINTIFF'S PRIOR FELONY CONVICTION**

In his motion, Plaintiff argues that because he might be prejudiced, Defendants should not be permitted to offer evidence of the fact and nature of his prior felony conviction of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal L. 265.03(2)) under Fed. R. Evid. 609(a)(1)(A). *See* Pl. MIL. Point I. Plaintiff is wrong.

Rule 609(a)(1) of the Federal Rules of Evidence "requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines

that the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Thomas v. Leifeld*, No. 13-cv-321 (MAD)(TWD), 2018 U.S. Dist. LEXIS 116008, at *4 (N.D.N.Y. July 12, 2018) (citing *U.S. v. Estrada*, 430 F. 3d 606, 621 (2d Cir. 2005)). Evidence of felony convictions must be admitted in a civil case under Rule 609(a)(1) for credibility purposes, subject to Rule 403.[1] Specifically, "under Rule 609(a)(1), evidence of the underlying facts or details of a crime of which a witness was convicted, inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by the Rule, subject to balancing under Rule 403." *Estrada*, 430 F. 3d at 616.

In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *U.S. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).

1. **Impeachment Value of the Prior Crime**

Plaintiff's argument that the admission of his 2006 felony conviction "offers zero probative value" is erroneous and without merit *See* Pl. MIL. Point I. Specifically, Plaintiff claims that "illegal possession of a firearm is not a conviction that is probative of Plaintiff's veracity [and thus] cannot be probative as impeachment evidence under Rule 609" (*id.*). Plaintiff is incorrect. In

---

[1] Pursuant to Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

2

fact, there is significant impeachment value attached to Plaintiff's prior conviction, as it is a serious offense indicative of a "stronger willingness to ignore the law" which directly bears on Plaintiff's truthfulness. *Estrada*, 430 F. 3d. at 618.

In that vein, it is of no import that Plaintiff's prior conviction is not within the scope of a *crimen falsi* under Rule 609(a)(2). "[D]ifferent felonies, even those that do not constitute *crimen falsi*, bear on credibility to varying degrees." *Id.* at 616. Accordingly, "when performing the Rule 403 analysis under Rule 609(a)(1), district courts are admonished to consider that Rule 609(a)(1) crimes which do not bear directly on honesty such as to be automatically admissible under Rule 609(a)(2) may nonetheless be highly probative of credibility." *Id*. at 617 (citation omitted). Further, "violent crimes involving . . . premeditation are relatively higher in probative value because they suggest the witness is willing to break the law when it furthers his interests." *Id.* at 618 (citation and internal quotes omitted). "[A] trial court is required to exclude use of a prior conviction for impeachment only if evidence of such a conviction 'negates credibility only slightly but creates a substantial chance of unfair prejudice.'" United States v. De Angelis, 490 F.2d 1004, 1009 (2d Cir. 1974) ("While some prejudicial effect is bound to result from any testimony regarding a witness's prior conviction, that effect here did not so outweigh the probative value of the testimony as to require its exclusion.").

Thus, in following with the court's analysis in *U.S. v. Estrada*, Plaintiff's conviction for Criminal Possession of a Weapon in the 2nd Degree is highly probative of credibility and should be admitted.

2. **Remoteness of the Prior Conviction**

Plaintiff erroneously claims that his prior conviction is too remote in time and, as a result, should be precluded. *See* Pl. MIL. Point I. Plaintiff was sentenced to 7 years' incarceration

3

and then placed on parole as a result of his 2006 felony conviction for Criminal Possession of a Weapon in the 2nd degree. As Plaintiff concedes, he thereafter violated his parole and was subsequently incarcerated in 2017 (*id.*). *See also* Holohan Decl. Exhibits "A" and "B." Contrary to Plaintiff's claim, it is irrelevant that this underlying conviction occurred more than 10 years ago, because Plaintiff was returned to State custody for violating his parole – a violation which stemmed from that very conviction. Further, only approximately 8 years have elapsed since Plaintiff's release from confinement. As this is well within the 10-year timeframe proscribed by Rule 609, Plaintiff's argument is without merit.

3. **Similarity Between the Past Crime and the Conduct at Issue**

Furthermore, contrary to Plaintiff's claim, there is no similarity between the facts underlying his conviction for criminal possession of a weapon and the facts of this case wherein he alleges excessive force. *See* Pl. MIL. Point I. Further, and importantly, any risk of prejudice due to the admission of evidence of Plaintiff's underlying conviction would be minimal compared to the probative value. *See Crenshaw v. Herbert*, 409 Fed. Appx. 428, 432 (2d Cir. 2011) (upholding district court's decision to admit prior robbery conviction in a § 1983 case involving excessive force claim because "[e]vidence of [Plaintiff's] prior robbery was probative of veracity").

Plaintiff improperly relies on and mischaracterizes the holding in *Daniels v. Loizzo*, 986 F. Supp. 245, 251 (S.D.N.Y. 1997). *See* Pl. MIL. Point I. Specifically, the Court in *Daniels* held that "*in criminal trials*, evidence of past crimes are excluded when the convictions are for the same type of offense as the pending charge because they cause unfair prejudice by suggesting that the party has a propensity to commit such act (emphasis added)." *Id.* at 251. Not only is this not a criminal trial, but Plaintiff's underlying conviction is not similar to the facts alleged in this case. Thus, *Daniels* has no bearing here. Further, the fact that the *Daniels* court also held that "[t]he

4

same concerns of prejudice are implicated where a defendant introduces a plaintiff's assault conviction in a Section 1983 excessive force case because the jury may improperly infer that, based on the prior conviction, the plaintiff instigated the incident," is equally irrelevant because, again, Plaintiff's underlying conviction is dissimilar from the claims in this case (*id.*).

Lastly, Plaintiff's citation to *Brown v. Turriglio*, No. 17-cv-175(BKS)(DJS), 2018 WL 4565767, at *3 (N.D.N.Y. Sept. 24, 2018) actually supports defendants' argument insofar as the Court found "[t]he less similar the pending case to the prior conviction, the less prejudicial its admissions is." *Id.* at *6 (citing *Stephen v. Hanley*, No. 03-CV-6226, 2009 U.S. Dist. LEXIS 43334, at *13, 2009 WL 1471180, at *5 (E.D.N.Y. May 21, 2009)).

Here, the probative value of Plaintiff's prior conviction is *not* substantially outweighed by a risk of unfair prejudice, confusing the issues, or misleading the jury. Accordingly, evidence of Plaintiff's felony conviction should be admitted.

4. **Importance of the Credibility of the Witness**

Even though Plaintiff's credibility is paramount to this case, Plaintiff appears to erroneously claim that his testimony, wherein his credibility will be assessed, holds less weight than the video evidence in this case (ECF No. 340-1). Plaintiff's own opinion is irrelevant and not supported by law. It is the duty of the jury to decide how much weight to allot to the evidence, including testimony, not Plaintiff.

Further, and importantly, the video evidence in this case does not clearly capture the force utilized against Plaintiff. Thus, as to that moment, the jury must rely almost entirely on their assessment of the parties' and witnesses' competing credibility. It is imperative that the jury be allowed to assess the evidence of Plaintiff's conviction when deciding whether to credit Plaintiff's allegations that excessive force was used. In following with same, Plaintiff's further

claim that "evidence regarding this conviction can offer no insight into whether or not the Defendant Officers acted reasonably" is a red herring and should be disregarded. *See* Pl. MIL. Point I. *See Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 226 (W.D.N.Y. Nov. 19, 1999) ("Evidence of prior convictions was admissible because plaintiff's honesty and credibility on the stand was a matter of great importance and outweighed any prejudice that may have resulted"). While the Court must engage in an evaluation of the factors determining the potential unfair prejudice to plaintiff, the Court cannot disregard that this evaluation is a balancing test and the probative value of this evidence is of substantial weight. Here, plaintiff cannot meet his burden, as laid out in *Thomas*, of showing that he would suffer an "unfair" prejudice that "substantially outweighs" the high probative value.

Additionally, evidence of plaintiff's sentence and the fact that he was on parole at the time of this incident is admissible pursuant to Fed. R. Evid. 404(b) as to plaintiff's motive. At the time of his arrest, Plaintiff had served over six years in prison and was on parole. His status as a parolee—and the potential consequences of an arrest on his parole—are certainly probative of his motive to violently resist his arrest as he faced substantial jail time if he was arrested again. The extent of plaintiff's resistance is critical to defendants' position that plaintiff's resistance increased the need for force, and likely exacerbated his own injuries in the process.

Accordingly, evidence of Plaintiff's prior conviction should be admitted.

## POINT II

### DEFENDANTS SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF PLAINTIFF'S STATEMENTS AND BEHAVIOR AFTER THE ARREST

Plaintiff seeks to preclude Defendants from introducing evidence of Plaintiff's statements and behavior after his arrest on the grounds that the jury should only be permitted to

6

hear what the officers knew at the time of Plaintiff's arrest. *See* Pl. MIL. Point II. Plaintiff's narrow and flawed understanding of relevance should be rejected.

Under Rule 402, relevant evidence, which is evidence that has "any tendency" to make a material fact "more or less probable than it would be without the evidence," Fed. R. Evid. 401, is presumptively admissible. *See Palin v. N.Y. Times Co.*, 113 F. 4th 245 * 271-272 (2nd Cir. 2024) (citations omitted). Courts must "examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id*. (citing *Huddleston v. United States*, 485 U.S. 681 at * 690 (1988). When conducting this examination, "the trial court must consider all evidence presented to the jury" because "[i]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it." *Id*. (citing *Huddleston*, 485 U.S. 690-91 (internal quotation marks omitted)).

Here, evidence of Plaintiff's statements and behavior after the arrest, particularly as evidenced in the video referenced in the Joint Pretrial Order as Defs. Ex. 2 (hereinafter "Defs. Ex. 2"), is directly relevant to the injury he claims he suffered as a result of the alleged use of excessive force during his arrest. Defs. Ex. 2 depicts, *inter alia*, Plaintiff's physical condition while at the precinct, after the alleged excessive force. Defendants should be permitted to argue that this evidence, particularly in light of the other evidence to be presented, makes it more likely that Plaintiff did not suffer the injury he claims and, further, that Plaintiff himself was the aggressor as alleged by Defendants. Indeed, Defendants would be prejudiced if they were precluded from introducing evidence to rebut Plaintiff's allegations of force and his claimed injuries as a result of the alleged use of force. Plaintiff is certainly free to argue to the jury any countervailing interpretations of that evidence he deems appropriate, but has not established that objective evidence of his own physical condition and demeanor during his processing for the arrest

underlying this case lacks relevance. Therefore, Plaintiff's request to limit the evidence to only that which arises out of the minutes during which the arrest occurred should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motions in their entirety, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 12, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2249


By:   /s/ *KellyAnne Holohan*
      KellyAnne Holohan
      *Senior Counsel*


      /s/ *Jacquelyn Dainow*
      Jacquelin Dainow
      *Senior Counsel*


cc:   VIA ECF
      *All Counsel of Record*