UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN BANYAN,

               *Plaintiff*,

           -against-

POLICE OFFICER CRAIG SIKORSKI, POLICE OFFICER JOSEPH TENNARIELLO, LIEUTENANT IAN RULE, SERGEANT JOHN BECERRA, THE CITY OF NEW YORK,

               *Defendants*.

17-CV-4942 (JLR)

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE***

HUTH REYNOLDS LLP
   Joshua Luke Rushing
   Karl C. Huth
   Matthew J. Reynolds
41 Cannon Ct.
Huntington, New York 11743
(202) 420-9628

*Attorneys for Plaintiff Jonathan Banyan*

## PRELIMINARY STATEMENT

Plaintiff Mr. Jonathan Banyan respectfully submits this memorandum of law in opposition to Defendants' Motions *in Limine*.

## ARGUMENT

I. **Plaintiff Will Only Offer Evidence and Testimony Regarding His Excessive Force Claim.**

Defendants seek to preclude evidence that does not relate to the sole remaining claim, and Plaintiff recognizes that the Court granted summary judgment to the Defendants on his claims regarding malicious prosecution and false arrest.[1] Thus, at this stage Plaintiff intends only to offer evidence regarding his excessive force claim and will not challenge the propriety of the arrest based on the Unknown Complainant's alleged identification at trial.[2]

II. **Defendants Have Not Given Any Reason for the Court to Admit Evidence of Plaintiff's Prior Felony Conviction.**

Defendants have argued that Plaintiff's prior felony conviction from 2006 for illegal possession of a weapon should be admitted to impeach his credibility. Plaintiff has already fully briefed the Court on why his felony conviction is not admissible and refers to his Motion *in Limine*. ECF No. 340-1, pp. 1-4. However, Defendants' arguments on this issue warrant rebuttal. First, Defendants state that the conviction offers significant impeachment value, but offer no justification besides a conclusory quote from *U.S. v. Estrada* stating that serious offenses indicate "stronger

---

[1] Plaintiff reserves his right to appeal any aspect of the summary judgment decisions.
[2] Nonetheless, Plaintiff was only convicted for crimes against the officers, before those convictions were overturned and then abandoned by the prosecution. The First Department's basis for overturning those convictions was that the jury was entitled to find that his conduct was spurred by the excessive force of the officers. People v. Banyan, 131 N.Y.S.3d 150 (N.Y. App. Div. 1st Dept. 2020) (in the light most favorable to Mr. Banyan, the Starbucks Video showed "approximately eight additional officers joined in a struggle, punching and tasing [Mr. Banyan], and the police lieutenant us[ing] a baton to roll [Mr. Banyan]'s Achilles tendon"). Thus, if a jury were to find here that the Defendants did employ excessive force, they would also be entitled to find that Plaintiff's unjust incarceration was proximately caused by that excessive force and thus compensable. Wallace v. Suffolk Cnty. Police Dept., 809 F. Supp. 2d 73, 80 (E.D.N.Y. 2011) ("[t]o recover compensatory damages under Section 1983, a plaintiff must prove that his injuries were proximately caused by the constitutional violation"). For this reason, Plaintiff should be entitled to argue to the jury that his incarceration was proximately caused by the Defendants' excessive use of force.

willingness to ignore the law". Mot. at 5. But that case explicitly stands for Plaintiff's point because the Second Circuit noted that:

> evidence of the witness Padilla's larceny convictions, for example, including the statutory name, date of conviction, and sentence imposed, perhaps should have been admitted under Rule 609(a)(1) if any of them were felonies [because] theft crimes, and other crimes involving stealth, nonetheless bear on a witness's propensity to testify truthfully. ***The district court may have been justified, by contrast, had it refused to permit the defendant to impeach government witnesses with crimes of violence, which may bear so marginally on honesty or veracity***, depending on the circumstances of those crimes, as to justify exclusion under Rule 609(a)(1).

*U.S. v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005).

Next, Defendants argue that Plaintiff's conviction is not remote because it does not meet the ten-year threshold under Rule 609. However, the remoteness factor and Rule 609's ten-year rule are not coextensive. The mechanical ten-year rule would not bar Plaintiff's conviction, but the remoteness factor asks whether the probative value of the conviction is diminished by the time that has passed. Convictions that are inside the ten-year window are often still excluded. *U.S. v. Vasquez*, 840 F. Supp. 2d 564, 570 (E.D.N.Y. 2011) (excluding convictions that were "more than [] eight years, and six years, old, respectively [because] they are within [] the latter half of the ten-year time limit imposed by Rule 609(b) and therefore have diminished probative value"); *U.S. v. White*, 312 F. Supp. 3d 355, 362 (E.D.N.Y. 2018) ("[e]ven assuming the 2008 conviction falls within the ten-year period, however, the Court still finds that it should be excluded"). Here, the conviction is approaching 20 years old and Plaintiff's last incarceration for that conviction is now eight years old. The jury will not be able to make credible inferences about Plaintiff's truthfulness on the basis of such remote events.

Third, Defendants do not cite any evidence for their incorrect argument that "there is no similarity between the facts underlying plaintiff's conviction and the facts of this case, and thus no risk that the conviction would be used as improper propensity evidence." Mot. at 5. In fact, Plaintiff

2

was simultaneously charged with "Attempted Assault with Intent to Cause Injury to Officer / As a Hate Crime". *See* Exhibit A, Arrest/Charge Information. He was acquitted of all charges except possession of the weapon, but nonetheless the attempted assault against offuce charge has many elements in common with the Defendants' allegations that led to Banyan's now-overturned conviction for assaulting Lt. Ian Rule. Introduction of the conviction, or the underlying facts, would unnecessarily confuse the jury and prejudice the Plaintiff while offering no probative value. *Daniels v. Loizzo*, 986 F. Supp. 245, 251 (S.D.N.Y. 1997) ("evidence of past crimes are excluded when… a defendant introduces a plaintiff's [violent] conviction in a Section 1983 excessive force case because the jury may improperly infer that, based on the prior conviction, the plaintiff instigated the incident").

Fourth, Plaintiff's credibility will be bolstered in this action by incontrovertible video evidence, further reducing any probative value that could be gained from admitting evidence of the conviction. For these reasons, and because Defendants have not proffered any legitimate use for evidence of the conviction, such evidence should not be admitted.

### III. **Plaintiff Consents to Not Referring to Defense Counsel as City Attorneys or Suggesting that the City May Indemnify Officers.**

Plaintiff consents to not referring to defense counsel as 'City attorneys' or suggesting that the City may indemnify the Defendant Officers.

### IV. **Plaintiff Does Not Plan to Request a Specific Dollar Amount from the Jury.**

Plaintiff does not intend to offer a specific dollar amount to the jury as a basis for damages.

### V. **Evidence of NYPD Investigations, Disciplinary Histories, Personnel Files, and Prior Lawsuits are Admissible to Show Absence of Mistake or Accident.**

Defendants argue that the Court should exclude any evidence of the officers' prior misconduct. But they are incorrect that this evidence is offered to show those officers' propensity for such attacks. In fact, as permitted by Federal Rules of Evidence 404(b), the evidence is being

admitted to show an "absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Such evidence is commonly admitted in this Circuit. *Lewis v. City of Albany Police Dept.*, 547 F. Supp. 2d 191, 201 (N.D.N.Y. 2008), *aff'd,* 332 Fed. Appx. 641 (2d Cir. 2009) (unpublished) ("[t]he prior complaints were properly admitted as against [the officer] to prove identity, motive and intent"); *U.S. v. Livoti*, 8 F. Supp. 2d 250, 252 (S.D.N.Y. 1998) ("evidence of Livoti's conduct during the Bordoy, Cruz, and Resto arrests may be admissible under Rule 404(b) to prove that Livoti's alleged use of excessive force on Baez was intentional and not the result of a mistake or accident").

Furthermore, Defendants Sikorski and Tennariello were overseen by Lt. Ian Rule as part of his Anticrime Squad and they had worked together under his supervision so many times that Lt. Rule could only guess that the number of times was more than ten. *See* Exhibit B, Deposition Transcript of Ian Rule, 30:11-23. In fact, the three officers have credibly been accused of misconduct together before—specifically Sikorski and Tennariello have previously claimed they did not witness misconduct by Rule despite substantiated allegations of that misconduct. *See* Proposed Trial Exhibit 7. This goes heavily to the credibility of all three officers. Furthermore, because Lt. Rule will take the stand and presumably opine that his and the Defendants' actions were proper, Plaintiff is entitled to show that Rule himself—though he is no longer a defendant—did not join the altercation against Plaintiff by mistake or accident.

For these reasons, evidence of the officers' prior misconduct should be admitted.

### VI. Plaintiff Only Plans to Introduce Misconduct Involving the Officers.

Defendants argue for the Court to exclude any evidence of misconduct from the media that does not involve the officers. Indeed, Plaintiff does not intend to introduce specific acts misconduct which do not involve the officers who initially encountered Mr. Banyan. However, Lt. Ian Rule, who over saw Defendants Sikorski and Tennariello, was one of the initial officers, and was the proffered victim of the now-voided assault conviction against Plaintiff—was also the leader of the

4

controversial, once-disbanded, now-reformed NYPD Anti-Crime Unit to which all three of the officers belonged at the time of the Encounter. Plaintiff reserves the right to question these officers about their role in that unit, the unit's history, and complaints against it.[3] As discussed above in § V, this evidence is admissible under Rule 404(b) to show an "absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

VII. **Evidence Regarding NYPD Policies and Procedures Is Admissible.**

Despite the fact that the admissibility of the NYPD Patrol Guide in excessive force cases in this Circuit is beyond question, Defendants nonetheless move to preclude it. An "excessive force claim will require a jury to consider whether the conduct of the Defendants was unreasonable. The NYPD Patrol Guide is relevant to the question of whether the Defendants behaved reasonably." *Tardif v. City of New York*, 344 F. Supp. 3d 579, 608 (S.D.N.Y. 2018). The only Second Circuit decision supporting the Defendants' argument is *Abeyta v. City of New York*, 588 Fed. Appx. 24, 25 (2d Cir. 2014) (unpublished). While that decision remains good law, the *Abeyta* court was reviewing a lower court's exclusion of the NYPD Patrol Guide and expressly relied on the "manifest error" and "abuse of discretion" standards, even going so far as to cite to a definition of the latter standard as justification for its decision. *Id*. Respectfully, since the *Abeyta* decision, "several courts in this Circuit have permitted parties to introduce Patrol Guide excerpts as relevant and helpful to determining the reasonableness of an officer's conduct." *Bermudez v. City of New York*, No. 15CV3240KAMRLM, 2019 WL 136633, at *5 (E.D.N.Y. Jan. 8, 2019) (considering the *Abeyta* decision before declining to follow it) *citing Gogol v. City of New York*, No. 15-CV-5703, 2018 WL 4616047, at *4 (S.D.N.Y. Sept. 26, 2018) (admitting Patrol Guide excerpts, subject

---

[3] For instance, former NYPD Commissioner Shea who disbanded the unit "note[d] that because of the nature of their work, the unit has had a disproportionately higher number of complaints and police-involved shootings." Grymes, A. (2020) *What was the NYPD's anti-crime unit and what does it being disbanded mean?, CBS News.* Available at: https://www.cbsnews.com/newyork/news/nypd-anti-crime-unit/ (Accessed: 12 March 2025).

5

to further relevancy determinations, as relevant to question of reasonableness); *Nnodimele v. Derienzo*, No. 13-CV-3461, 2016 WL 3561708, at *14, (E.D.N.Y. June 27, 2016) (permitting parties to introduce relevant excerpts of Patrol Guide and holding that "testimony regarding sound professional standards governing a defendant's actions can be relevant and helpful") (internal quotation mark omitted).

Furthermore, arguments about whether a violation of the patrol guide amount to a constitutional violation miss the point: "[a]lthough a violation of the Patrol Guide is not necessarily a violation of constitutional rights just as a violation of constitutional rights is not necessarily a violation of the Patrol Guide, the Patrol Guide is relevant for the same reasons as evidence of lesser degrees of force [the officers] could have used. It is relevant in determining how a reasonable officer might comport himself under the circumstances." *Collado v. City of New York*, No. 11 CIV. 9041 (DAB), 2017 WL 4533772, at *3 (S.D.N.Y. Sept. 27, 2017). For these reasons, the NYPD Patrol Guide should be admitted.

### VIII. Plaintiff Is Entitled to Rely on Dr. Rosenbaum's Conclusions Regarding the Effect of the Encounter.

Defendants argue that Plaintiff has not, and now cannot, proffer evidence of mental health damages beyond 'garden variety' emotional damages. But Dr. Rosenbaum's report has proffered that very evidence. As described more fully in the concurrently filed opposition to Defendants' motion to exclude the Plaintiff's experts, Dr. Rosenbaum's report does, in fact, describe the negative impacts of the Encounter itself (which Dr. Rosenbaum refers to as "the incident") on Mr. Banyan.[4] For these reasons, Plaintiff's evidence that his emotional damages are more than 'garden variety' should be admitted.

---

[4] Furthermore, as explained above in § I, Plaintiff should be entitled to plead any damages that could be proximately caused by the excessive force. As the First Department ruled, a reasonable jury could find that it was the

**CONCLUSION**

For the foregoing reasons, Mr. Banyan respectfully requests that the Court deny the Defendants' motions except as to the points that he has consented to in Sections III and IV.

Dated: March 12, 2025

                                HUTH REYNOLDS LLP

                      By:      */s/ Joshua Luke Rushing*
                                Joshua Luke Rushing (5564984)
                                Karl C. Huth (KH 0000)
                                Matthew J. Reynolds (MR 5740)
                                41 Cannon Court
                                Huntington, NY 11743
                                (202) 420-9628
                                lrushing@huthreynolds.com
                                huth@huthreynolds.com
                                reynolds@huthreynolds.com

                                *Attorneys for Plaintiff Jonathan Banyan*

---

Defendants who caused Plaintiff's incarceration. *People v. Banyan*, 131 N.Y.S.3d 150 (N.Y. App. Div. 1st Dept. 2020) (Mr. Banyan was entitled charge the jury that he may have been justified in trying to defend himself against "approximately eight additional officers joined in a struggle, punching and tasing [Mr. Banyan], and the police lieutenant us[ing] a baton to roll [Mr. Banyan]'s Achilles tendon"). Thus, Plaintiff should be entitled to admit the portions of Dr. Rosenbaum's report that address the negative impacts of Plaintiff's incarceration and his predisposition to those impacts.