

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**KELLYANNE HOLOHAN**
*Senior Counsel*
Tel.: (212)-356-2249
Fax: (212) 356-3509
kholohan@law.nyc.gov

April 4, 2025

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    Banyan v. Sikorski et al.,
                 17-cv-04942 (JLR)

Your Honor:

      I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, representing the defendants in the above-referenced matter. For the reasons set forth herein, defendants respectfully request that, pursuant to Local Civil Rule 6.3, the Court reconsider its ruling regarding the admissibility of a 2018 jury verdict against defendant Sikorski on a claim for excessive force. Defendants write to supplement their prior briefing on their motion *in limine* to preclude evidence of past lawsuits against the defendants. (ECF No. 339). This letter is submitted to address an issue raised during the final pre-trial conference held on April 4, 2025, which had not been specifically addressed in the parties' prior briefing.

      By way of background, on March 5, 2024, defendants moved *in limine* to preclude *inter alia* evidence of past lawsuits against the defendants and non-party police witnesses. (ECF No. 339, p. 16). Defendants referred generally to the admissibility of exhibits plaintiff identified for trial, which included a prior civil complaint against defendant Sikorski and non-party Lt. Ian Rule.[1] Plaintiff opposed this motion, arguing for the admissibility of the complaint and the allegations set forth therein, but did not reference any intent to offer evidence of the outcome of that litigation, which included a jury verdict against defendant Sikorski on a claim for excessive force. See Girbes-Pierce v. City of N.Y., 803 F. App'x 509 (2d Cir. 2020). Moreover, plaintiff

---

[1] Defendants further noted that to the extent plaintiff opposed this motion, it was his burden to show that any specific prior bad acts would be admissible. (ECF No. 339-2, p. 19).

argued in opposition that evidence of "prior misconduct" was being offered only to show "an absence of mistake, or lack of accident." (ECF No. 347, pp. 4-5). During the April 3rd conference, the Court ruled that plaintiff would be permitted to introduce evidence regarding the incident underlying the 2018 verdict "because it is being offered for the proper purpose of demonstrating that Sikorski did not act mistakenly or by accident, and instead acted intentionally in using the degree of force that he used against plaintiff." For the reasons that follow, evidence regarding this incident and the resulting jury verdict should not be admitted under Rule 404(b) and, in any event, should be excluded under Rule 403.

A motion for reconsideration is proper where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Pursuant to Local Civil Rule 6.3 the Court may reconsider a prior decision to "correct a clear error or prevent manifest injustice." Medisim Ltd. v. BestMed LLC, 10-cv-2463 (SAS), 2012 U.S. Dist. LEXIS 56800, at *2–*3 (S.D.N.Y. Apr. 23, 2012); Rullan v. New York City Dep't of Sanitation, No. 10-cv-8079 (RPP), 2012 U.S. Dist. LEXIS 2896, at *4 (S.D.N.Y. Jan. 10, 2012) "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Richardson v. City of N.Y., No. 15-cv-5775 (PKC), 2017 U.S. Dist. LEXIS 104625, at *2 (S.D.N.Y. July 5, 2017) (quotation marks omitted), quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). As this specific issue was not previously raised, and therefore, defendants' arguments on this point were not before the Court, reconsideration is appropriate.

Rule 404(b) generally precludes evidence of "any other crime, wrong, or act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The jury verdict against defendant Sikorski meets none of these exceptions and would, undoubtedly, be utilized as improper propensity evidence in this excessive force case.

As an initial matter, intent is irrelevant to a claim for excessive force and therefore not admissible under Rule 404(b). See Jackson v. City of White Plains, No. 05 Civ. 0491 (NSR), 2016 U.S. Dist. LEXIS 6469, *4 (S.D.N.Y. Jan. 19, 2016). Excessive force claims are analyzed using a purely objective standard. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). This analysis is conducted without regard to underlying intent or motivation. Maxwell v. City of N.Y., 380 F.3d 106, 108 (2d Cir. 2004) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)). Thus, even if evidence of the 2018 verdict bore on Sikorski's intent, which it does not, it is still not relevant to the sole remaining claim in this action for excessive force.

The decision in U.S. v. Livoti—cited by plaintiff and the Court—does not counsel a different result. 8 F. Supp. 2d 250, 252 (S.D.N.Y. 1998). In that case, a criminal prosecution of a police officer for a civil rights violation, the government sought to introduce evidence of prior instances of excessive force by the criminal defendant to establish his intent, where specific intent was an element of the offense (See U.S. v. Pendergrass, 648 F. App'x 29, 33 (2d Cir.

2

2016) (agreeing that 18 U.S.C. § 242 willfulness is the "specific intent to do something the law forbids, that is, as relevant here, with an intent to violate a protected right") and where his asserted defense was that "he never intentionally applied a choke hold nor did he ever intend to injury [sic] [the victim.]" Livoti, 8 F. Supp. 2d at 252. This is not a similar case, and this evidence cannot be properly admitted to show defendant Sikorski's intent because his subjective intent is not relevant to the claim to be tried. ("Section 1983 does not require any intent to violate constitutional rights." D.S. v. City of Peekskill, 581 F. App'x 65, 67 (2d Cir. 2014)).

This evidence is equally inadmissible under the remaining 404(b) exceptions. First, this evidence is not admissible to prove absence of mistake or lack of accident. Defendant Sikorski has acknowledged using some force against the plaintiff including punches and strikes. While he disputes some of the plaintiff's allegations of force, he is not contending that any force utilized was accidental or mistaken. Where "a defendant does not assert that his conduct was the result of an accident or mistake, the admission of evidence to show absence of mistake or lack of accident is irrelevant and therefore inadmissible." Jackson v. City of White Plains, No. 05 Civ. 0491 (NSR), 2016 U.S. Dist. LEXIS 6469, at *5 (S.D.N.Y. Jan. 19, 2016) (citing Hynes v. Coughlin, 79 F.3d 285, 291 (2d Cir. 1996) (finding that because plaintiff did not allege that he kicked the defendant by accident, and instead denied kicking the defendant at all, admission of plaintiff's prison disciplinary record to show intent or accident was inappropriate.)) Indeed, the cases cited by plaintiff in his opposition to defendants' motion stand for the same proposition. See Lewis v. City of Albany Police Dep't, 547 F. Supp. 2d 191, 200 (N.D.N.Y. Apr. 24, 2008) (holding evidence of prior complaints against defendant officer were admissible under 404(b) to establish his identity because "his defense was that he did not participate in the physical arrest or use any force against plaintiff" and "the circumstances alleged in the prior complaints are strikingly similar to those in this case[.]"; as to motive and intent where the plaintiff alleged violation of equal protection; and to support plaintiff's Monell claim.)

Nor can this evidence be used to establish *modus operandi* or pattern of conduct. Pattern evidence is principally used to show the identity of a perpetrator or absence of accident or mistake. Here, absence of accident or mistake are irrelevant and there is no question of identity—defendant Sikorski acknowledges using force in the course of plaintiff's arrest, but disputes the nature and circumstances of the force used against him. Additionally, in order to constitute admissible pattern evidence, the evidence must "share unusual characteristics with the act charged or represent a unique scheme." Stephen v. Hanley, 2009 U.S. Dist. LEXIS 43334, *36 (E.D.N.Y. May 21, 2009) (citing Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1990); Ismail v. Cohen, 707 F. Supp. 243, 252-53 (S.D.N.Y. 1989)). Here, there is no evidence of a unique scheme or unusual characteristics. In Girbes-Pierce, the jury found that defendant Sikorski's use of pepper spray during an drug-related arrest was unreasonable—though the jury awarded only nominal damages and found his co-defendant (Lt. Rule) not liable. Girbes-Pierce v. City of N.Y., No. 16-CV-7510 (JLC), 2019 U.S. Dist. LEXIS 60559, at *7 (S.D.N.Y. Apr. 9, 2019). Apart from the fact that both cases involve a use of force in an arrest context—hardly unusual characteristics for a police officer—there are no other unusual similarities between the two cases. Even if there were, a single prior instance of force does not constitute a pattern.

Finally, even if this evidence met a Rule 404(b) exception, it should be excluded under Rule 403 as confusing and unduly prejudicial. The probative value of this evidence is

3

exceedingly low, as the legal issue in this case is whether the force used by the defendants was objectively reasonable under the circumstances presented in this case. The force utilized by defendant Sikorski during an unrelated encounter with a different person at another time—and the reasonableness thereof—has no relevance to this issue.  On the other hand, the potential prejudice of this evidence is exceedingly high. Although the Court can instruct the jury that this evidence has a limited purpose and not to consider it for propensity, it is a virtual certainty that they will consider it for exactly that purpose. Additionally, admitting evidence of the verdict would certainly require defendant Sikorski to offer additional context for that verdict, resulting in a trial within a trial about an unrelated use of force.[2]  The confusion and waste of time this would work also warrants the exclusion of this evidence.

For all of the foregoing reasons, defendants respectfully request the Court reconsider its prior ruling and preclude this evidence.[3]

Respectfully submitted,

*/s/ KellyAnne Holohan*

KellyAnne Holohan
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     All Counsel of Record  (By ECF)

---

[2] For example, while the plaintiff in that case testified that before he was pepper sprayed, he was hit, punched, pushed, and kicked, the jury did not find in his favor on those claims.  The jury found only that using pepper spray when plaintiff was "already confined," but not handcuffed, was excessive.  Moreover, the jury returned special interrogatories in which they indicated that defendant Sikorski reasonably believed that the plaintiff had pushed another officer, refused to cooperate with police instructions, was attempting to escape, resisted attempts to handcuff him, and was flailing him arms during attempts to handcuff him. Girbes-Pierce v. City of N.Y., No. 16-CV-7510 (JLC), 2019 U.S. Dist. LEXIS 60559, at *7 (S.D.N.Y. Apr. 9, 2019). The jury also determined that Lt. Ian Rule was not liable for any excessive use of force.

[3] As directed by the Court, defendants will confer with plaintiff regarding a proposed limiting instruction regarding this evidence in light of the Court's prior ruling.