

Joshua Luke Rushing • 609.250.8192 • lrushing@huthreynolds.com • 41 Cannon Court, Huntington, NY 11743

April 7, 2025

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   *Banyan v. Sikorski et al.*, 17-cv-04942 (JLR)

Your Honor:

For the reasons set forth in this letter, Plaintiff respectfully requests that you maintain your ruling regarding the admissibility of a 2018 jury verdict against defendant Craig Sikorski and deny Defendants' request for reconsideration.

A motion to reconsider is a remedy that "is generally denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Navigators Ins. Co. v. Goyard, Inc.*, 623 F.Supp.3d 220 (S.D.N.Y. 2022) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal quotations omitted). "The standard for granting a motion for reconsideration is strict," *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). Thus, a motion for reconsideration "is not a vehicle for . . . taking a second bite at the apple" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up), and is instead an "extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017).

Defendants' letter motion is legally deficient because it fails to point to any controlling decisions or data that the Court overlooked in its original ruling. Instead, Defendants' letter vaguely asserts that there exists an "issue" that was not "addressed in the parties' prior briefing" (ECF No. 355 at 1)—but fails to even identify what this particular issue is and makes no attempt at explaining how this unidentified issue constitutes a "***controlling decision[]***" or "***data***" that was overlooked by the Court. *Shrader*, 70 F.3d at 257 (emphasis added). Defendants' motion is nothing more than an attempt to get a second bite at the apple on a ruling they lost—even as they won several other evidentiary rulings.

Moreover, the evidence in question is highly relevant to the current proceedings as it directly pertains to the issue of whether defendant Sikorski acted intentionally, with absence of mistake, or lack of accident, in the use of force against the plaintiff. Under Federal Rule of Evidence 404(b), evidence of prior acts is admissible for purposes such as proving intent,



knowledge, or absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The prior incident involving Sikorski's use of force is sufficiently similar to the current allegations, as both involve the sudden and unprovoked use of force during an arrest, thereby establishing a pattern of conduct that is probative of Sikorski's intent to use force and absence of mistake or lack of accident. As the Court ruled during the April 3rd Conference, that prior evidence of the incident underlying the 2018 verdict is admissible "because it is being offered for the proper purpose of demonstrating that Sikorski did not act mistakenly or by accident, and instead acted intentionally in using the degree of force that he used against plaintiff."

The Court's ruling had ample support in decisions of this Court and other federal courts. *See Estate of Richards v. City of New York*, No. 1:18-cv-11287-MKV, 2020 WL 6162130 (S.D.N.Y. Oct. 21, 2020) ("It is well established that prior acts of excessive force are relevant to show intent in a Section 1983 case"); *see also U.S. v. Livoti*, 8 F.Supp.2d 250, 252 (S.D.N.Y. 1998); *Saunders v. City of Chicago*, 320 F.Supp.2d 735, 740 (N.D. Ill. 2004); *U.S. v. Mize*, 498 F.Supp.3d 978 (S.D. Ohio 2020); *Hunley v. County of Pima*, No. CIV-08-003-TUC-JMR, 2010 WL 11515478 at *1 (D. Ariz. July 23, 2010). *Saunders v. City of Chicago*, like this case, involved a civil rights claim of excessive force brought by an arrestee against a city and police officers. 320 F.Supp.2d at 738. In *Saunders*, Defendant officers filed motions *in limine* seeking to bar any reference to prior instances of alleged misconduct by the offices who were named defendants. The court denied the motion, stating that while such evidence was inadmissible to show propensity, the prior instances of alleged misconduct "may be admitted to show intent, absence of mistake, etc.". *Id.* at 740.

Defendants insist that *U.S. v. Livoti* is not on point because "specific intent was an element of the offense". While *U.S. v. Livoti* was a criminal case under 18 U.S.C. Section 242, as opposed to a case brought under Section 1983, it was a case about excessive force that is analogous to the present case. *See U.S. v. Livoti*, 8 F.Supp.2d at 253 ("The evidence proffered by the Government is highly probative on the issue of Livoti's intent to use excessive force against Baez.")

Defendants have chosen to harp on the final portion of the Court's reasoning above—related to intent—and ignored the well-founded ruling that Plaintiff is entitled to use the evidence to show a lack of mistake or accident. In fact, both intent and absence of mistake are highly relevant facts in this lawsuit, and therefore admissible under Rule 404(b). The standard applied in excessive force cases is whether officers' actions are objectively reasonable in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989). It is fair to say that the officers' "subjective motivations" play no role in that standard, but it does not follow from these two points that intent or absence of mistake can never be relevant. *Id.* at 398. The Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389, is instructive. In *Kingsley*, the Supreme Court limited liability for excessive force claims by a pretrial detainee to situations in which the use of force "was the result of an intentional and knowing act" (or at least reckless act). *Id*. at 400. In the instance case, it is disputed whether certain acts of force were knowing and intentional or accidental. Thus, *Kingley* illustrates that lack of mistake or accident are relevant to a threshold analysis to determine if there was a use of force or just an accident.

Opposing counsel also contends that the evidence should be excluded under Rule 403. However, as the Court has already found, the probative value of the evidence outweighs any danger

Page 3
April 7, 2025

**Huth Reynolds LLP**

of unfair prejudice. The evidence demonstrates that Sikorski's actions were not accidental but rather intentional, which is critical to help the jury understand the totality of the facts in assessing the reasonableness of the force. Moreover, the Court can mitigate any potential unfair prejudice or confusion through a limiting instruction to the jury, ensuring that the evidence is considered only for its intended purpose and not as propensity evidence.

In conclusion, Defendants' motion for reconsideration does not present any arguments that warrant reconsideration of Your Honor's ruling, thus failing to meet the standard for a motion for reconsideration, and the motion should be denied.

Respectfully submitted,

*/s/ J. Luke Rushing*
Joshua Luke Rushing
*Counsel for Plaintiff Jonathan Banyan*

Cc:   All Counsel of Record (By ECF)