Huth Reynolds LLP

Joshua Luke Rushing • 609.250.8192 • lrushing@huthreynolds.com • 41 Cannon Court, Huntington, NY 11743

April 8, 2025

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Banyan v. Sikorski et al.*, 17-cv-04942 (JLR)

Your Honor:

Plaintiff has coordinated with Defendants' counsel to provide the requested details and argumentation below.

### A. Plaintiff's Counsel's Paragraphs

#### 1. Deposition Designations

Plaintiff consents to all of Defendant's counter-designations except for 17:2-7. In that section, Dr. Minhas is asked whether he knows the origin of certain notes in Mr. Banyan's file. In the following lines, 17:8-17, Dr. Minhas remarks that he did not personally write those notes or observe what they refer to, consequently refusing to confirm his guess based on his lack of knowledge: "I don't specifically know because I did not record that."

#### 2. Relevance of Plaintiff's Lack of Conviction Stemming from the March 20, 2016 Incident.

The fact that the Plaintiff was not convicted of robbery in connection with the jacket he was holding when the police initially used excessive force is relevant and admissible to show motive, the circumstances of the arrest, and credibility/truthfulness.

*Motive and circumstances of arrest.* The fact that Plaintiff was not convicted of robbery in connection with the jacket is relevant to the motive to resist arrest and the motive to flee. If Banyan did steal the jacket, he would have been more motivated to resist arrest and attempt to flee. By contrast, if he had done nothing wrong because he did not steal the jacket, it is more likely he would have been acting peaceably towards the police and not resisting or running away. Accordingly, the lack of conviction—which is equivalent to being innocent—is relevant because it has a "tendency to make a fact" (that Plaintiff did not fear being caught for holding a jacket he didn't steal) "more or less probable". In turn, that fact has a tendency to make it more probable



Page 2
April 8, 2025

that Mr. Banyan was not resisting arrest or fleeing. *See Ridge v. Davis*, 639 F.Supp.3d 465, 480 (S.D.N.Y. 2022) (excessive force case) ("However, the Court is also persuaded that evidence bearing on Plaintiff's motivation for fleeing from the police during the incident in question is relevant".).

The reasonableness of officers' force is not judged in a vacuum but in light of the facts and circumstances known to the officer and "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight" is one such fact or circumstance. *See Baker v. City of New York*, 551 F.Supp.3d 258 (S.D.N.Y. 2021) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). It is also a fact or circumstance that is actually disputed in this case.

The Court has allowed Defendant to introduce Plaintiff's prior criminal conviction on the theory that it goes to motive to resist arrest (i.e., he was motivated to resist because he wanted to avoid a parole violation), but the lack of a conviction for the alleged robbery is even more relevant on whether Mr. Banyan was resisting arrest.

*Character for truthfulness*. Defendants plan to attack Plaintiff's truthfulness.  Defendants might be allowed, on cross-examination, to "inquire[]" into specific acts of conduct (the alleged robbery of a jacket) as probative of the character for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b). Mr. Banyan should be allowed to respond to this accusation by explaining that there was never a conviction related to the alleged robbery and accordingly.

*Admissible to avoid unfair prejudice*. In the alternative, Your Honor should admit the evidence of the lack of conviction in order to avoid unfair prejudice from the introduction of a separate prior conviction and the awareness. The admission of Mr. Banya's prior conviction on a weapons charge would create an unfair inference that, like the weapons charge, the robbery charge also ended with a conviction. There is no way to avoid telling the jury about the alleged robbery in this case because the severity of the crime is a factor in the excessive force claim. As a result, the jury will "be left wondering about the result of the" robbery charge. *See Shannon v. Koehler*, No. C 08–4059–MWB., 2011 WL 10483363, at *13 (N.D. Iowa Sept. 16, 2011).

In addition to curing the possibility that the jury will draw the unfair and mistaken inference that Mr. Banya *was* convicted of robbery, evidence of a lack of a criminal conviction will also help the jury evaluate the Parties' credibility with respect to numerous contested issues in this case. It helps the jury assess the credibility of the Plaintiff's explanations of why he was holding the jacket, why he was not resisting arrest, and why he was not fleeing. As Your Honor noted in the instructions to the jury, the jury needs to know both sides of the story and make an informed evaluation based on both sides of the story. The ultimate disposition of the charges related to the jacket is an important part of Plaintiff's story, and the jury should be empowered to believe, disbelieve, and weigh this fact.

Far from creating any confusion, informing the jury of the no-conviction disposition will "put a bow" on the issue of the jacket, allowing the jury to properly contextualize and stitch together the narratives in this case, more clearly understand the timeline, and gain a fulsome understanding of how the various individuals that will be mentioned at trial relate to one another.

Page 3
April 8, 2025



### 3. Detective Brauer's Testimony

Plaintiff seeks to exclude Detective Brauer's testimony as unhelpful, irrelevant, and cumulative. Detective Brauer was not on the scene for Plaintiff's arrest so he can only offer testimony regarding how the Plaintiff came to be at the hospital and the Plaintiff's behavior, actions, and apparent state of mind following the arrest. Such evidence is disfavored given the Supreme Court's holding in *Graham* that "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

First, Plaintiff's counsel will elicit testimony from the Plaintiff stating that he was examined by a doctor shortly after the arrest but his injuries were not the reason that he sought the doctor's attention. Plaintiff's counsel can also elicit specific testimony that Plaintiff was at the hospital for a reason besides his injuries and just happened to be examined for his injuries while there. Plaintiff is also open to instructions from the Court on how to testify regarding his arrival at the hospital without unduly prejudicing the Defendants or necessitating Detective Brauer's testimony.

Second, the two Defendants and Lt. Rule will already be testifying to the Plaintiff's actions before, during, and after the arrest (at least up until the Precinct Video). These three officers all have much more insight into the case than Detective Brauer because they witnessed the entirety of the events in question. Detective Brauer would be the fourth witness, second non-party witness, and the witness least central to the facts at issue to give testimony about Plaintiff's actions following the arrest. Such testimony is unduly cumulative and unnecessary for such a circumscribed set of facts, especially given that Detective Brauer has no other reason to take the stand because he was not on the scene of Plaintiff's arrest.

Third, if Defendants are allowed to elicit testimony from Detective Brauer regarding Plaintiff's behavior at the hospital, that will be even further from the arrest in time, space, and relationship.

### 4. Propensity/Character Evidence Issues with the Precinct Video and Related Limiting Instructions

For the precinct video, Plaintiff proposes two limiting instructions. The first instruction simply reminds the jury that with respect to evaluating any words captured in the video's audio, the jury should only consider those words that they can understand. *Cf. U.S. v. Singleton*, 125 F.3d 1097, 1105 (7th Cir. 1997) (describing court's instruction to the jurors to "consider only those parts [of a tape recording] which they could understand and that only the parts which they could understand were evidence"). The second instruction is essential to mitigating the significant potential for unfair prejudice. Because the video shows Plaintiff angry, banging the bench, and throwing his belt on the floor, there is a clear risk that the jury will use the video as improper character evidence. Specifically, the jury could use the video as evidence that Mr. Banyan has character traits of angriness or a violent nature, and/or a propensity to act belligerently, and that during the arrest he acted in accordance with these character traits. It would, of course, be improper

Page 4
April 8, 2025



for the jury to use the video as character evidence because such evidence is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait, and relatedly "[e]vidence of any other . . . act . . . is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character". See Fed. R. Evid. 404(a)-(b). None of the exceptions to this general prohibition applies. Plaintiff is not a defendant or victim in a criminal case and the video evidence does not bear on Banyan's character for truthfulness. See Fed. R. Evid. 404(a)(2)-(3). Not only is there no legal basis to deny this limiting instruction, but the failure to provide a limiting instruction would unnecessarily elevate the already-high risk of unfair prejudice from this video.

*Proposed Instructions*:

- Precinct video—Sound (First Instruction)
    - You may take into account the quality of the sound and whether it is audible to you when you give weight to this evidence.
- Precinct video—Character/Propensity (Second Instruction)
    - You may only use this evidence for the limited purpose of evaluating the Plaintiff's condition after his arrest, but you must not infer from this evidence that the Plaintiff has a propensity for the behavior shown in the video. You are forbidden from using the video to assess whether Mr. Banyan is or was an angry person or a violent person, or even to assess how Mr. Banyan behaved prior to the video being recorded.

### B. Defendants' Counsel's Paragraphs

Plaintiff's request for a limiting instructions for Def. 2 should be denied. A limiting instruction is only appropriate when evidence is admitted with a limited purpose. Fed. R. Evid. 105. DEF 2, a video which depicts plaintiff's behavior at the precinct immediately following his arrest, should not be admitted with any limitations. In fact, the video is necessary to the defense of this case and so that the jury is presented with a complete picture of plaintiff's behavior. Contrary to plaintiff's suggestion, it is not propensity or character evidence but rather part of the full narrative that defendants should be permitted to present to the jury. Plaintiff is free to explain his behavior when he testifies and plaintiff's counsel is free to make the arguments regarding the quality or volume of the video, referenced in his proposed instruction, in his summation.

As to Det. Brauer, his testimony is relevant and not cumulative of any testimony being offered by the defendants or the plaintiff himself. Det. Brauer has personal knowledge of plaintiff's behavior and lack of cooperation during his arrest processing at the precinct. Further, Det. Brauer, after interacting with plaintiff, made the determination that plaintiff had to be brought to the hospital and restrained to prevent injury to himself and others. Neither defendant was involved in this decision. Further, Det. Brauer's testimony is useful to the jury because he received specialized training in dealing with EDPs and also received EMT training, which neither defendant received.



Page 5
April 8, 2025

                        Respectfully submitted,

                        */s/ J. Luke Rushing*
                        Joshua Luke Rushing
                        *Counsel for Plaintiff Jonathan Banyan*

Cc:    All Counsel of Record (By ECF)