UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN BANYAN,<br><br>*Plaintiff*,<br><br>-against-<br><br>POLICE OFFICER JOSEPH TENNARIELLO,<br><br>*Defendant*. | 17-CV-4942 (JLR) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES**

        Huth Reynolds LLP
           Joshua Luke Rushing
           Karl C. Huth
           Jack Mitchell

        *Attorneys for Plaintiff Jonathan Banyan*

> "Arguably, the fact that only nominal damages were sought disfavors an award of attorney fees. However, the determinative factors in this case are the significance of the issues on which the Plaintiff[] claim[s] to have prevailed, and whether there is a public benefit resulting." *Vondra v. City of Billings*, No. CV 22-30-BLG-KLD, 2025 WL 754507, at *3 (D. Mont. Mar. 10, 2025).

## PRELIMINARY STATEMENT

On February 9, 2023, Plaintiff Jonathan Banyan filed his Amended Complaint in the instant action, stating a claim for two causes of action under 42 U.S.C. § 1983, excessive force and false arrest, against two defendants, Tennariello and Sikorski. After summary judgment and a jury trial, Plaintiff succeeded on his excessive force claim against Tennariello and judgment of $1 was entered against Tennariello on May 5, 2025. Plaintiff hereby respectfully moves the Court under 42 U.S.C. § 1988 for an award of the attorney's fees necessary to succeed on that claim.

## LEGAL STANDARD

Section 1988 authorizes a court, "in its discretion," to award a "reasonable attorney's fee" to "the prevailing party" in an action brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). A plaintiff prevails when he "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought", and when there is an award of nominal damages, the Supreme Court has held that the "prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby*, 506 U.S. 103, 109, 113–14 (1992). Thus, a civil rights plaintiff who proves an excessive force violation and receives nominal damages is eligible for fees as a matter of law, and the only remaining question is the amount the court deems "reasonable."

To calculate that amount, courts begin by multiplying the "hours reasonably expended on the litigation . . . by a reasonable hourly rate" and then adjust downward or upward to reflect the "results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34(1983). "Justice O'Connor,

1

concurring in *Farrar*, set forth three factors that a court may use to determine whether a prevailing party's victory is technical or *de minimis* in nature, thus warranting a low fee award or no fee award: 1) whether there is a substantial difference between the judgment recovered and the recovery sought; 2) the significance of the legal issue on which the plaintiff claims to have prevailed; and 3) whether the victory accomplished some public goal other than occupying the time and energy of counsel, court, and client." *Haywood v. Koehler*, 885 F. Supp. 624, 629 (S.D.N.Y. 1995), aff'd, 78 F.3d 101 (2d Cir. 1996) (internal quotation marks omitted).

## ARGUMENT

### I. Banyan's Fee Request, Which Seeks Only 20% of His Counsel's Total Fees and Is Limited To Claims on Which He Prevailed, Is Reasonable.

"Courts assess the reasonableness of a proposed hourly rate by considering the prevailing market rate for lawyers in the district in which the ruling court sits. The rates used by the court should be current rather than historic hourly rates. Courts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if no such evidence is submitted. Additionally, the range of rates that plaintiff's counsel actually charge their clients is [] obviously strong evidence of what the market will bear." *Cano v. Tremson Recycling LLC*, No. 24-CV-1612 (JGK) (RWL), 2025 WL 964552, at *15 (S.D.N.Y. Mar. 14, 2025), *report and recommendation adopted sub nom. Gonzalez v. Tremson Recycling LLC*, No. 24-CV-1612 (JGK), 2025 WL 964253 (S.D.N.Y. Mar. 31, 2025) (internal quotation marks, citations, and brackets omitted). Plaintiff's counsel's rates are in line with similarly situated attorneys operating in the Southern District of New York. Fair Hous. J. Ctr. v. Pelican Mgt., Inc., No. 18 CIV. 1564 (ER), 2025 WL 965129, at *3 (S.D.N.Y. Mar. 31, 2025) ("[t]he Court finds no basis to discount [the associate's] hourly rate of $550"); *Export Dev. Canada v. E. Coast Power & Gas*, LLC, 754 F. Supp. 3d 511, 516 (S.D.N.Y. 2024) ("Mannion's regular hourly rate is $465. The Court finds that

2

that rate is reasonable for a lawyer with Mannion's experience for similar cases in this District. *Cf. 136 Field Point Circle Holding Co. LLC v. Razinski*, No. 19-CV-5656, 2022 WL 950980, at *5 (S.D.N.Y. March 30, 2022) (finding hourly rate of $550 was reasonable in breach of contract case that, unlike the instant matter, was 'straightforward' and 'short lived'); *Bank of Communications, New York Branch v. Ocean Development America, Inc.*, No. 07-CV-4628, 2014 WL 6838502, at *3 (S.D.N.Y. Dec. 4, 2014) (ten years ago, finding rates of $485 and $450 per hour for attorneys on a fraudulent-conveyance case to be reasonable); *In re Palermo*, No. 08-CV-7421, 2011 WL 3874866, at *20 (S.D.N.Y. Sept. 2, 2011) (approving, thirteen years ago, rates of up to $525 per hour for attorneys at small firm, after trial of fraudulent-conveyance claim)").

Where much of counsel's work was dedicated towards issues on which the client did not prevail or had only limited success, an award may still be appropriate after a significant reduction in the lodestar value, which is the result of the reasonable hourly rate multiplied by the total hours reasonably expended. *See McDonald v. City of Pompano Beach, Fla.*, No. 20-CV-60297-ALTMAN/STRAUSS, 2025 WL 1031553, at *2, *7–8 (March 20, 2025), <u>report and recommendation adopted</u>, No. 20-CV-60297, 2025 WL 1025182 (S.D. Fla. Apr. 7, 2025).

Because Banyan prevailed against Tennariello but not Sikorski, and in light of the substantial discounts typically applied to fee awards in civil rights cases, Banyan seeks only 20% of the total reasonable fees incurred by his counsel.[1] This amount reasonably represents the significant time and effort expended by Banyan's counsel to achieve a victory on his excessive force claim after a jury trial. Moreover, although Banyan's counsel's base rates reflect the market

---

[1] Notably, Banyan seeks only fees that were not related to his excessive force victory against Defendant Tennariello. Banyan has not submitted any time attributed to claims, motions, or Defendants where he did not prevail. The resulting amount, attached to the Declaration of Joshua Luke Rushing as Exhibit A, is $70,032.70. Due to the untimely hospitalization of key personnel at Pryor Cashman LLP, Plaintiff was unable to secure billing records relating to this case from that firm in time for filing. Plaintiff reserves the right to supplement this filing with those records once they are obtained. *See* Declaration of Joshua Luke Rushing, ¶ 17.

3

value of their services in the field of complex commercial litigation, the substantial reduction proposed by Banyan brings the overall fee request well within the range of fees awarded in civil rights cases in this District. *See Export Dev. Canada*, 754 F. Supp. 3d at 516.

## II. The Proposed Fee Request Satisfies the *Farrar* Test.

Obviously, *Farrar* hangs heavily over any request for fees from a plaintiff who recovers nominal damages. Nonetheless, *Farrar* acknowledges that a plaintiff who is awarded nominal damages **has** prevailed within the meaning of 42 U.S.C. § 1988. Banyan's victory is significant; in a case litigated all the way to verdict by Defendants with the full financial support of the City of New York, Banyan proved that Tennariello used an unlawful level of excessive force.

The question posed by *Farrar* is the **reasonableness** of the fee award. Here, Banyan has anticipated this challenge by requesting an 80% reduction on the lodestar value of his attorney's fees. Though courts in this circuit have not often awarded fees in nominal damages cases, truthfully, the right case has not presented itself but the path has not been closed off. *But see Carlton v. C.O. Pearson*, 384 F. Supp. 3d 382, 390 (W.D.N.Y. 2019) ("[h]ere, Plaintiff sought compensatory damages in the amount of $ 5,000,000.00 and punitive damages in the amount of $ 100,000.00. It is beyond dispute that the purpose of this civil action was the recovery of a substantial damages award"). Similar cases outside this circuit, interpreting the same federal statute, hint that the right case—one combining an important right, a heavily-reduced fee award, and a low damages demand—could receive a fee award despite only winning nominal damages. Plaintiff respectfully submits that the instant case presents exactly these factors and merits a fee award.

### a. Banyan Did Not Seek Specific Damages and Conceded that His Injuries Were Non-Permanent.

Vindication of his constitutional rights has always been a central goal for Plaintiff. This is not a case where a plaintiff made extravagant, overreaching monetary demands only to have them

4

fully rejected by the jury's nominal damages award. Instead, Plaintiff neither requested a specific sum for his excessive force claim nor engaged in gamesmanship regarding the extent of his injuries. He referred to his injuries as 'non-permanent' on many occasions and conceded that he was able to walk, talk, and function relatively soon after the Encounter. Plaintiff's counsel's intentionally centered the case on the violation of Plaintiff's constitutional rights: he began his opening statement by putting his hands up to emulate the Plaintiff's position when he was attacked and stating that this pose is the "one thing that's really at the center of this case." Tr. 80:8; 80:15-17 ("For the rest of this case, I would like you to keep this image in your mind: A man with his feet planted and his hands raised."). Courts have found such actions to demonstrate *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 761 (2d Cir. 1998) (finding that denial of fee award was abuse of discretion because "[w]hile plaintiffs contended before the jury that they had suffered compensable injury… plaintiffs' counsel began the trial by stating that 'this case is about prayer. It's about people's desire to exercise what is the most basic form of religious freedom, the right to pray", and he asked the jury to award damages 'in the amount you, the jury, feel appropriate for the amount of suffering and what [plaintiffs] had to endure in the deprivation of these rights'"). Banyan pursued his claim to vindicate his civil rights, which were violated by Tennariello, and prevailed on that claim.

      Where, as here, government actors deny a constitutional violation, a plaintiff whose constitutional rights were violated has no choice but to litigate to have those rights vindicated. The finding that Banyan's rights were violated has real value; it vindicates Banyan's constitutional rights and makes clear to the City that police actions like Tennariello's are unlawful. Accordingly, because Banyan never sought exorbitant damages and always sought to vindicate his constitutional rights, the first *Farrar* factor favors a fee award.

### b. The Legal Issue of Whether an Arresting Officer May Physically Attack an Arrestee Whose Hands are Raised, and Who Has Not Been Afforded Reasonable Time To Comply With Instructions, is Significant and Has Now Been Articulated Clearly.

Banyan's successful claim against Tennariello represents an advancement in excessive force law. The verdict against Tennariello establishes that immediately using force against a suspect whose hands are up and feet are planted violates that individual's constitutional rights. It further establishes that police officers cannot justify force on the basis of a suspect's noncompliance with lawful orders if they did not give the suspect enough time to comply with those orders before using force. These common-sense tenets have never been clearly articulated in this Circuit like they were in Mr. Banyan's case. Future excessive force cases regarding similar conduct will now cite to the precedent established by Mr. Banyan's fight to vindicate his rights. Police departments will now have an incentive to train their officers to avoid Tennariello's mistake of using unlawfully excessive force, further ensuring the protection of suspects' constitutional rights and conferring benefits to the public at large.

Prevailing on a significant issue that provides a public benefit weighs in favor of awarding attorney's fees. Courts in the Second Circuit have not opined on cases where plaintiffs won nominal damages for admittedly minor injuries but successfully vindicated their major constitutional rights, while also offering a major fee reduction. Cases outside this Circuit have, however, directly addressed similar cases and are persuasive.

In *Vondra v. City of Billings*, the U.S. District Court for the District of Montana examined the issue of awarding attorneys' fees under Section 1988 where plaintiffs recover only nominal damages. 2025 WL 754507, at *3. The plaintiffs in *Vondra* alleged a Billings city ordinance regulating massage parlors violated their Fourth Amendment rights. *Id.* at *1-2. While most of the ordinance was found constitutional, a single plaintiff prevailed on one constitutional issue,

6

invalidating the inspection provision as applied to solo practitioners, which benefited all plaintiffs to the extent that provision allowed inspections to determine compliance with any law. *Id.* at *2. In all other respects, the ordinance was found constitutional and the court denied declaratory and injunctive relief, and awarded only nominal damages. *Id.* Despite Plaintiff's "limited success", the *Vondra* court found that the plaintiffs successfully asserted that certain searches under the ordinance violated the Fourth Amendment and "thus vindicated a significant right, favoring a fee award." *Id.* at *3. The "conclusion that some portions of the Ordinance are unconstitutional as written" resulted in "greater protection to Plaintiffs and the public". *Id.* Thus, the court found "the significance of the issues and public benefit justify an award of fees." *Id.* Similar to the plaintiffs in *Vondra,* Mr. Banyan won only a partial nominal verdict, but that verdict will result in greater protection to both Banyan and the public. Thus, both the significance of the issue and the public benefit achieved justify an award of fees.

Similarly, in *Rothermel v. Easter,* the Plaintiff recovered nominal damages and prevailed on three out of five claims regarding the sexual assault committed against her by law enforcement officials during her incarceration. *See* No. 22-1194-JWB, 2025 WL 639694, at *1 (D. Kan. Feb. 27, 2025). However, because the plaintiff's claim served an important public purpose by exposing the conduct—including the faulty reporting system—and deterring similar incidents, the court found that the plaintiff achieved sufficient success to merit a fee award. *Id.* at *7. Banyan's claim similarly served an important public purpose by articulating a standard for unacceptable conduct: unarmed arrestees with their hands raised and feet planted cannot be attacked, especially when they do not have time to respond to verbal commands. Therefore, the significance of the legal issue factor weighs in favor of awarding attorney's fees.

    c. **Putting Police Officers and the Public on Notice Regarding Tennariello's Behavior is a Public Purpose.**

7

Following on from the first two factors, the verdict against Tennariello serves an important public purpose by informing the public of their specific rights under the Fourth Amendment and deterring other officers from similar conduct. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998) ("when serv[ing] a 'substantial public interest,' a substantial fee award may be justified").

Unlike a case centered on general, nonspecific uses of force, this verdict sends a clear message to the public and police officers that arrestees cannot be attacked when complying or attempting to comply with orders. Police departments that do not wish to run afoul of the *Banyan* precedent will be forced teach a less aggressive way to approach arrestees and to make arrests by delaying the use of physical force until it becomes necessary.

## CONCLUSION

Since Plaintiff is a prevailing party under § 1988 and *Farrar*, the only question before the Court is what fee award is reasonable. Because Plaintiff did not seek excessive damages but instead sought, and vindicated, an important constitutional right, and because the verdict articulates an important standard and will deter future misconduct, Plaintiff's request for attorney's fees should be granted.

Dated:   May 28, 2025

HUTH REYNOLDS LLP

By:   */s/ Joshua Luke Rushing*
Joshua Luke Rushing
Jack Mitchell
Karl C. Huth
41 Cannon Ct.
Huntington, New York 11743

*Attorneys for Plaintiff Jonathan Banyan*