UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN BANYAN,

Plaintiff,

-against-

POLICE OFFICER JOSEPH TENNARIELLO,

Defendant.

Case No. 1:17-cv-04942 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is Plaintiff Jonathan Banyan's ("Plaintiff") motion for attorney's fees. For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND

### I. Factual Background

On March 20, 2016, the New York Police Department ("NYPD") arrested Plaintiff. Dkt. 2 ("Compl."). In connection with that arrest, Plaintiff sued officers Craig Sikorski, Joseph Tennariello, Ian Rule, John Becerra, and Paul Brauer along with the City of New York (collectively, "Defendants") for engaging in excessive force and false arrest in violation of 42 U.S.C. § 1983 and for malicious prosecution under New York State law. *Id.* For this post-verdict motion for fees, this Court assumes familiarity with the underlying facts of the case.

### II. Procedural History

Plaintiff initiated this case on June 29, 2017. *Id.* After some earlier motion practice and lengthy discovery, on February 9, 2023, Plaintiff filed his Amended Complaint, seeking compensatory and punitive damages against Defendants. *See* Dkt. 239 ("Am. Compl.") at 12. On May 13, 2024, this Court granted summary judgment to Defendants on all claims except

Plaintiff's excessive force claims against Officers Craig Sikorski ("Defendant Sikorski") and Joseph Tennariello ("Defendant Tennariello" or "Defendant"). Dkt. 315. The parties proceeded to trial on the remaining claims. After trial, the jury rendered a verdict in favor of Plaintiff against Defendant Tennariello for excessive force and awarded Plaintiff nominal damages in the amount of $1.00. *See* Dkt. 368. The jury did not award Plaintiff punitive damages and it found in favor of Defendant Sikorski. *Id.*

On May 28, 2025, Plaintiff moved, pursuant to 42 U.S.C. § 1988, for an order granting attorney's fees in the amount of $70,032.70. Dkt. 380 ("Mot."), Dkt. 381 ("Br."). Plaintiff subsequently appealed the judgment. *See* Dkt. 383. The parties jointly requested, and the Court granted, a stay of the present motion until 30 days after Plaintiff's appeal was decided. *See* Dkt. 384. On April 21, 2026, the Second Circuit issued a summary order affirming the judgment in all respects. *See Banyan v. Sikorski*, No. 25-1425, 2026 WL 1074659, at *4 (2d Cir. Apr. 21, 2026) (summary order). On June 29, 2026, Defendant filed his opposition to Plaintiff's motion for attorney's fees. Dkt. 398 ("Opp."). Plaintiff filed a reply on July 13, 2026. Dkt. 399 ("Reply").

**LEGAL STANDARD**

In an action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b). "The question of whether a plaintiff is a 'prevailing party' within the meaning of the fee-shifting statutes is a threshold question that is separate from the question of the degree to which the plaintiff prevailed." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998). "A plaintiff who has 'prevail[ed]' in the litigation has established only his eligibility for, not his entitlement to, an award of fees." *Id.* at 758. "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain

at least some relief on the merits of his claim," such as "obtain[ing] an enforceable judgment against the defendant from whom fees are sought." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Under Section 1988(b), a plaintiff who wins only nominal damages is nonetheless a prevailing party. *Id.* at 112.

However, "both Supreme Court and Second Circuit precedent establish that 'attorney's fees and costs are usually not appropriate when a plaintiff recovers only nominal damages.'" *Feliciano v. Thomann*, 747 F. App'x 885, 888 (2d Cir. 2019) (summary order) (quoting *Pino v. Locascio*, 101 F.3d 235, 239 (2d Cir. 1996)); *see also LeBlanc-Sternberg*, 143 F.3d at 758 ("[I]n appropriate circumstances the court may conclude that, even though a plaintiff has formally prevailed, no award of fees to that plaintiff would be reasonable.").

Courts consider the three *Farrar* factors in "determin[ing] whether a prevailing party's victory is technical or *de minimis* in nature, thus warranting a low fee award or no fee award." *Haywood v. Koehler*, 885 F. Supp. 624, 629 (S.D.N.Y. 1995), *aff'd*, 78 F.3d 101 (2d Cir. 1996); *see Farrar*, 506 U.S. at 116-17 (O'Connor, J., concurring). First, courts consider "whether there is a 'substantial difference between the judgment recovered and the recovery sought.'" *Haywood*, 885 F. Supp. at 629 (citing *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring)). Second, courts consider "the significance of the legal issue on which the plaintiff claims to have prevailed" and, third, "whether the victory 'accomplished some public goal other than occupying the time and energy of counsel, court, and client.'" *Id.* (citation omitted).

The first factor, the degree of success obtained, is "'the most critical factor' in determining the reasonableness of a fee award," given that a fee based on the hours expended on the litigation may be excessive if a plaintiff "achieve[s] only partial or limited success." *Farrar*, 506 U.S. at 114 (internal quotation marks omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

436 (1983)); *accord Haywood*, 885 F. Supp. at 630; *LeBlanc-Sternberg*, 143 F.3d at 756; *Rothman v. City of New York*, No. 19-cv-00225 (CM), 2020 WL 7022502, at *2 (S.D.N.Y. Nov. 30, 2020). Where a plaintiff does "not pursue any claim for equitable relief . . . , their monetary recovery [i]s the only reasonable measure of their success." *LeBlanc-Sternberg*, 143 F.3d at 758. "In contrast, where both monetary and equitable relief have been pursued, the size of the monetary recovery is not necessarily the proper measure of the plaintiff's success." *Id.*

Where a plaintiff recovers nominal damages, an award of attorney's fees may be appropriate "when there are other significant non-monetary indicia of success," *Rothman*, 2020 WL 7022502, at *3, such as significant equitable relief, *id.*, a benefit conferred on society, *id.*, or where a "plaintiff prevails on a significant legal issue," *Ciaprazi v. Cnty. of Nassau*, 195 F. Supp. 2d 398, 400 (E.D.N.Y. 2002) (citing *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir. 1994)).

As the Second Circuit has instructed, "while there is no *per se* rule that a plaintiff recovering nominal damages can never get a fee award, *Farrar* indicates that the award of fees in such a case will be rare." *Pino*, 101 F.3d at 238.

**DISCUSSION**

Plaintiff asks this Court to award him $70,032.70 in attorney's fees. Given his partial success in this matter, Plaintiff is only seeking 20% of the total attorney's fees expended on this case.[1] Br. at 3.

The parties agree, as does the Court, that Plaintiff is a prevailing party under 42 U.S.C. § 1988(b). Br. at 8; Opp. at 1; Reply at 1. Therefore, the sole question before the Court is whether Plaintiff is entitled to recover reasonable attorney's fees as a prevailing party when he

[1] Plaintiff notes that the total amount requested is "subject to supplementation upon receipt of the Pryor Cashman records." Reply at 10; *see* Br. at 3 n.1.

was awarded only nominal damages on a single claim against a single Defendant. For the reasons that follow, the Court finds that Plaintiff's case does not support an exception to the general approach that "fees and costs are usually not appropriate when a plaintiff recovers only nominal damages," *Pino*, 101 F.3d at 239, and therefore denies his motion.

## I. Degree of Success

As noted, the "most critical factor," *Farrar*, 506 U.S. at 114, in considering "whether a prevailing party's victory is technical or *de minimis* in nature," *Haywood*, 885 F. Supp. at 629, is whether there is "a substantial difference between the judgment recovered and the recovery sought," *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring). Courts refer to this as the "degree of success obtained." *See, e.g.*, *Farrar*, 506 U.S. at 114; *LeBlanc-Sternberg*, 143 F.3d at 760; *Ciaprazi*, 195 F. Supp. 2d at 400. Here, Plaintiff sought compensatory and punitive damages, as well as attorney's fees, for several claims against four Defendants. *See* Am. Compl. at 12. Plaintiff did not request a specific amount of compensatory or punitive damages. *See id.*; Reply at 3. Nor did he seek equitable relief. After summary judgment was granted in part, Plaintiff ultimately tried two remaining claims of excessive force against two Defendants. *See* Opp. at 6. The jury found only Defendant Tennariello liable, awarded Plaintiff $1.00 in nominal damages, and declined to award punitive damages. *See* Dkt. 368.

Plaintiff argues that because the "[v]indication of his constitutional rights has always been [his] central goal," and he did not "request[] a specific sum for his excessive force claim nor engage[] in gamesmanship regarding the extent of his injuries," the first *Farrar* factor is met. Br. at 4-5. In other words, because Plaintiff "pursued his claim to vindicate his civil rights . . . and prevailed on that claim," *id.* at 5, there is no substantial difference between the judgment recovered and the recovery sought. Defendant responds that, in the end, Plaintiff

obtained only nominal damages for one claim against one defendant, so his request for attorney's fees should be denied. Opp. at 6, 8.

Because Plaintiff did not pursue any equitable relief, his monetary recovery of $1.00 is "the only reasonable measure of [his] success." *LeBlanc-Sternberg*, 143 F.3d at 758; *cf. Carroll v. Blinken*, 105 F.3d 79, 81-82 (2d Cir. 1997) (vacating district court's refusal to award fees despite plaintiffs not recovering any damages because plaintiffs had won equitable relief that was "more than strictly nominal relief"). Plaintiff did not request a specific amount of damages so it "difficult to say that any award by the jury could be deemed larger or smaller than the amount sought." *McCardle v. Haddad*, 131 F.3d 43, 54 (2d Cir. 1997). However, Plaintiff brought several claims against several Defendants and sought compensatory damages (albeit in an unspecified amount) and punitive damages. He was unsuccessful on his claims as to three of the four Defendants, the compensatory damages he was awarded against Defendant were nominal, and the jury did not grant Plaintiff the punitive damages he sought. Thus, Plaintiff's degree of success on the claims sought is low.

Factually analogous cases in the Second Circuit have denied requests for attorney's fees or granted only nominal attorney's fees. For example, in *Caruso v. Forslund*, the Second Circuit upheld the denial of attorney's fees where a Section 1983 plaintiff initially sought an unspecified amount of compensatory and punitive damages and was awarded only nominal damages after a jury verdict. 47 F.3d 27, 31-32 (2d Cir. 1995). Similarly, in *McCardle*, the Second Circuit affirmed a nominal fee award of thirty-three cents to the plaintiff after a jury found the defendant liable for a Fourth Amendment violation under Section 1983 but awarded her no compensatory or punitive damages. 131 F.3d at 53-55. "Although the plaintiff had testified that money was not a motivating factor in her bringing suit, the court nonetheless found that she had not

'receive[d] any other cognizable benefit from [the] suit.'" *Rothman*, 2020 WL 7022502, at *3 (quoting *McCardle*, 131 F.3d at 55). The same is true of Plaintiff here. Therefore, this *Farrar* factor weighs against an award of fees.

**II. Significance of Legal Issue and Public Goal Accomplished**

The Court will next examine the remaining factors — the significance of the legal issue at play and the public goal accomplished. In cases with nominal damages, awarding attorney's fees is "appropriate only when there are other significant non-monetary indicia of success." *Id.* "The vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief." *Pino*, 101 F.3d at 239.

Plaintiff argues that his successful claim against Defendant Tennariello "represents an advancement in excessive force law," making it a "significant issue that provides a public benefit." Br. at 6. Plaintiff contends that the verdict establishes that "[i]mmediately using force against a suspect whose hands are up and feet are planted violates that individual's constitutional rights," and that "police officers cannot justify force on the basis of a suspect's noncompliance with lawful orders if they did not give the suspect enough time to comply with those orders before using force." *Id.* Further, Plaintiff argues that the verdict "serves an important public purpose by informing the public of their specific rights under the Fourth Amendment and deterring other officers from similar conduct," warranting a fee award. *Id.* at 8 (citing *LeBlanc-Sternberg*, 143 F.3d at 760).

Defendant argues that Plaintiff has "failed to demonstrate any 'non-monetary indicia of success'" because Plaintiff's lawsuit vindicated Plaintiff's claim but did not confer any general benefit on society. Opp. at 6 (quoting *Rothman*, 2020 WL 7022502, at *3). Defendant further

contends that one cannot infer the specific findings about excessive force guidance that Plaintiff raises above from the general verdict in favor of Plaintiff because the jury did not render a special verdict or otherwise specify why it found Defendant liable. *See id.* at 7. In sum, Defendant argues that "there is nothing ground-breaking" about this excessive force verdict because "it has long been established that the use of force against a suspect who had already surrendered to police may give rise to a constitutional violation." *Id.* (citing *Graham v. Connor*, 490 U.S. 386 (1989) and *Tennessee v. Garner*, 471 U.S. 1 (1985)). The Court is persuaded by Defendant.

Plaintiff has not sufficiently demonstrated any "non-monetary indicia of success," *Rothman*, 2020 WL 7022502, at *3, or that the verdict "serves a 'substantial public interest,'" *LeBlanc-Sternberg*, 143 F.3d at 760 (quoting *Carroll*, 105 F.3d at 81). Plaintiff cites no case law from this Circuit to support the proposition that this verdict "represents an advancement in excessive force law," Br. at 6, and the Court agrees that the notion that a constitutional violation may be found where police use force against a suspect who has already surrendered is not novel. Nor did the jury make specific findings regarding the particular parameters of police behavior that it found to be unconstitutional. As such, the remaining *Farrar* factors support a finding that Plaintiff's victory was technical or *de minimis*.

Plaintiff's reliance on out-of-Circuit cases *Vondra v. City of Billings*, No. 22-cv-00030, 2025 WL 754507 (D. Mont. Mar. 10, 2025), and *Rothermel v. Easter*, No. 22-cv-01194, 2025 WL 639694 (D. Kan. Feb. 27, 2025), is not persuasive. While the *Vondra* plaintiffs, like Plaintiff here, sought to vindicate a constitutional right, 2025 WL 754507, at *3, the *Vondra* court found that plaintiffs succeeded in all *Farrar* factors. Notably, there, plaintiffs sought declaratory judgment, injunctive relief, an award of nominal damages, attorney's fees, and other

legal and equitable relief. *Vondra*, 2025 WL 754507, at *2. While they "recover[ed] only nominal damages," Br. at 6, only nominal damages were sought, and a public benefit was achieved by the plaintiff's success because the City would need to "rewrite or abandon" the portions of the ordinance found to be unconstitutional, *Vondra*, 2025 WL 754507, at *3. Similarly, in *Rothermel*, the court granted attorney's fees because all three *Farrar* factors weighed in plaintiff's favor, including that she "was successful on three of her five claims." 2025 WL 639694, at *7. Finally, Plaintiff's reliance on *LeBlanc-Sternberg* is misplaced because, there, plaintiffs obtained significant injunctive relief that carried a "systemic effect of importance" or served a "substantial public interest." 143 F.3d at 760 (quoting *Carroll*, 105 F.3d at 81). Here, no such injunction was sought or granted.

While the Court is certainly sympathetic to the constitutional violation that Plaintiff endured, and the diligent and extensive work of his attorneys in vindicating his rights, it remains the law of this Circuit that the "vast majority of civil rights litigation does not result in ground-breaking conclusions of law." *Pino*, 101 F.3d at 239 (reversing district court's grant of attorney's fees); *see, e.g.*, *Ciaprazi*, 195 F. Supp. 2d at 398 (holding that an excessive force claim by an incarcerated person who sought solely monetary relief did not involve a significant legal issue and denying attorney's fees); *Feliciano*, 747 F. App'x at 888 (upholding denial of attorney's fees because "[a]ppellants have offered no argument for why this case is unusual"). Because Plaintiff has not satisfied the *Farrar* factors for an award of attorney's fees in the context of a nominal damages verdict, the Court need not address arguments regarding the reasonableness of Plaintiff's proposed $70,032.70 in fees.

**CONCLUSION**

For the aforementioned reasons, the Court DENIES Plaintiff's motion for an award of $70,032.70 in attorney's fees. The Clerk of the Court is respectfully directed to terminate the motion at Dkt. 380.

Dated: July 21, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge